Marjorie C. LUKE et al., Appellants,

v.

Ruth Bowden ORMOND et al., Appellees.

No. 1065.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Nov. 27, 1974.

W. Garrett Morris, Fort Worth, for appellants.

Elmo Schwab, Gary E. Tulloch, Barker, Lain, Smith & Schwab, Galveston, for appellees.

CURTISS BROWN, Justice.

This is a plea of privilege case.

Ruth Bowden Ormond et al. (appellees) brought suit in Galveston County for partition and for the appointment of a receiver to sell certain properties (real and personal) that they own in common with the estate of Pearl Bowden. Appellants are the independent co-executrices of that estate as well as beneficiaries under the Pearl Bowden will. Appellants filed a plea of privilege to be sued in Tarrant County, Texas, where the will was admitted to probate, as well as a plea to the jurisdiction. Appellees filed a controverting affidavit and the trial court, after hearing, overruled the plea of privilege.

■ Appellants allege error in the overruling of the plea in that no present cause of action exists in Galveston County; that appellees' affidavit did not controvert appellants' plea; and that appellees' suit seeks to revise probate proceedings which are pending in Tarrant County and, therefore, venue must be in that county. The argument with regard to there being no present cause of action is premised on appellants' reading of article V, § 16 of the Texas Constitution, Vernon's Ann.St., which provides in part:

The County Court shall have the general jurisdiction of a Probate Court; they shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis and common drunkards, grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and common drunkards, including the settlement, partition and distribution of estates of deceased persons and to apprentice minors, as provided by law . . ..

They further argue that suits against heirs of a deceased person involving property inherited by them are cognizable in the county court and the district court has only appellate jurisdiction. Pitts v. Thompson, 71 S.W.2d 368 (Tex.Civ.App.-Dallas 1934, writ dism'd). While this contention may have some merit insofar as appellees' suit is against appellants in their capacity as devisees and legatees, it does not affect the suit against them in their capacity as independent co-executrices. The suit may simply be seen as an attempt to obtain parti-

tion by co-tenants where one of the co-tenants is an estate under administration. It was early held that the district court has jurisdiction of such a suit. Ellis v. Rhone, 17 Tex. 131 (1856). The court, in construing a predecessor to the present Vernon's Tex.Prob.Code Ann. sec. 386 (1956) held that provision, "that any person having a joint interest with the estate of the decedent in any property, real or personal, may make application to the county court, from which letters testamentary or of administration have been granted on said estate, to have partition thereof . . .", was not mandatory. The Supreme Court held that the county court did not have exclusive jurisdiction in such suits but that jurisdiction is concurrent. This is not a suit to determine heirship, nor is it a suit between the heirs to enforce partition of the estate itself, nor is it a suit to compel an accounting. *See* Kirk v. Head, 137 Tex. 44, 152 S.W.2d 726 (1941); O'Neil v. Norton, 29 S.W.2d 1060 (Tex.Comm'n App.1930, holding approved); Lewis v. Lewis, 333 S.W. 2d 436 (Tex.Civ.App.-Amarillo 1960, no writ); Zamora v. Gonzalez, 128 S.W.2d 166 (Tex.Civ.App.-San Antonio 1939, writ ref'd). Appellees are neither seeking a distribution of nor a partition of the estate of Pearl Bowden. The purpose of this suit is to partition their undivided interest in the property held in common with the estate. The appellees are not devisees or legatees of the estate of Pearl Bowden and they are not "interested" in such estate. They are merely joint owners of real and personal property with such estate. A judgment of partition in such a proceeding would not invade the province of the probate court in Tarrant County. Cyphers v. Birdwell, 32 S.W.2d 937 (Tex.Civ.App.-Texarkana 1930, writ ref'd). The land or proceeds of the partition awarded appellants would be subject to the Tarrant County administration. As there is jurisdiction over appellants in their capacity as independent co-executrices of the estate, there is a valid present cause of action for partition in Galveston County. Appellants' contention that this suit cannot be maintained against them in their capacities as devisees or legatees of the Bowden estate can appropriately be raised by special exception or otherwise in the court below.

■ Appellees maintain venue of this cause is properly laid in Galveston County, wherein the property is located, under the provisions of sections 13 and 14 of Tex. Rev.Civ.Stat.Ann. art. 1995 (1964). Section 13 lays the venue for suits for partition in the county where such land or other property, or a part thereof, may be, or in the county in which one or more of the defendants reside, or in the county of the residence of any defendant who may assert an adverse claim to or interest in such property, or seeks to recover the title to same. Such a provision gives the plaintiff the option as to where to bring suit. Section 14 provides that suits for the recovery of lands or damages thereto, or to remove encumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste to land, must be brought in the county in which the land, or a part thereof, may lie. We believe that insofar as this is a suit for partition that venue is proper in Galveston County. We also find that, insofar as the suit seeks the appointment of a receiver to prevent waste to the property in question, venue in Galveston County is proper under section 14.

We have considered all of appellants' points and they are overruled.

Affirmed.