Josephine BOYD et al., Appellants,

v.

Wanda Boyd RATLIFF et al., Appellees.

No. 18893.

Court of Civil Appeals of Texas,
Dallas.

Aug. 19, 1976.

Rehearing Denied Sept. 30, 1976.

George W. Irwin, Irwin & Whitley, Dallas, for appellants.

Randall S. Boyd, Lewisville, for appellees.

AKIN, Justice.

This is a venue appeal by plaintiff, Josephine Boyd, independent executrix of the estate of Emory C. Boyd, from an order sustaining pleas of privilege filed by certain Denton County defendants and transferring this cause to the district court of Denton County. Two principal questions are presented by this appeal: (1) Since this is a suit by an independent executrix for construction of a will admitted to probate in the county court at law of Denton County, does the district court of Dallas County have jurisdiction to construe the will in view of Tex.Prob.Code Ann. § 5(c) (Vernon Supp.1975) which states that petitions regarding administrations shall be filed in the probate court? (2) Because defendant Ratliff is a resident of Dallas County, is venue governed by Tex.Rev.Civ.Stat.Ann. art. 1995(4) (Vernon 1964), as plaintiff contends, or by Tex.Prob.Code Ann. § 8 (Vernon 1956), which establishes venue in probate proceedings, as urged by defendants? Because we hold that the district court had jurisdiction and that venue here is determined by article 1995(4), we reverse the order of the trial court.

Plaintiff sued defendants in a district court of Dallas County under the Uniform Declaratory Judgment Act, Tex.Rev.Civ. Stat.Ann. art. 2524–1 (Vernon 1965), asking

the court to construe the will to determine a class of persons designated in the will as heirs of deceased siblings of the testator and to determine whether federal estate taxes should be prorated among the specific devisees and the residuary devisees or should be paid solely out of the residuary property since the will contained no "tax proration" clause. Defendants responded that exclusive jurisdiction of all matters pertaining to the estate, including this action, was in the county court of Denton County, which had probate jurisdiction under § 5(c) of the Probate Code. The trial court found that there was a justiciable controversy requiring a judicial interpretation of the will and that it had jurisdiction, but under § 8(c) of the Probate Code, it ordered transfer of the cause to the district court of Denton County "in the best interests of the estate."

### Jurisdiction

■ Before we address the merits of this appeal, we must first dispose of the point raised by defendants urging that the district court lacked jurisdiction of the subject matter because § 5(c) vests exclusive jurisdiction of "all petitions regarding probate and administrations" in the statutory probate court of Denton County.[1] They argue, therefore, that since a suit to construe a will is a matter regarding the administration of an estate, it falls within the ambit of § 5(c), which specifically takes away from the district court original jurisdiction in probate matters. Moreover, they contend that § 5(d) specifically grants to probate courts the power to construe wills. We cannot agree that these sections deny jurisdiction to the district court to construe a will under the Declaratory Judgment Act. Section 5(c) provides:

> In those counties where there is a statutory probate court, county court at law, or other statutory court *exercising the jurisdiction of a probate court, all appli-*

cations, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in such courts and the constitutional county court, *rather than in the district courts, unless otherwise provided by the legislature,* and the judges of such courts may hear any of such matters sitting for the judge of any of such courts. [Emphasis added.]

We do not read this section as divesting the district court of its jurisdiction to construe wills. Instead, it denies to the district court only that "general jurisdiction of a probate court" which the 1973 amendment to Tex. Const. art. V, § 8 added to the potential jurisdiction of the district court. The 1973 Amendment further defines this added potential jurisdiction by providing that the district court shall "probate wills . . ., grant letters testamentary and of administration, settle accounts of executors, transact all business appertaining to deceased persons . . ., including the settlement, partition and distribution of estates of deceased persons . . . ." This language, including the term "general jurisdiction of a probate court," is identical to that defining the probate jurisdiction of the county court in art. V, § 16 as that section had existed since adoption of the constitution in 1876. Since suits to construe wills have never been within "the general jurisdiction of a probate court" in Texas, but were matters within the jurisdiction of the district court before the 1973 amendment to art. V, § 8, we conclude that the legislature did not intend to eliminate that jurisdiction by providing in § 5(c) of the Probate Code that "all applications, petitions and motions regarding probate, administrations," etc., shall be filed exclusively in "the statutory court exercising probate jurisdiction."

This language of § 5(c) cannot properly be given a broader interpretation because of the more recently enacted provisions of § 5(d), which specifically grants to the pro-

---

1. Although defendants raise this by counterpoint rather than by cross-point, we must address it because our jurisdiction is limited to dismissing the cause if the trial court lacked jurisdiction. *Lone Star Finance Corp. v. Davis,* 77 S.W.2d 711, 714 (Tex.Civ.App.—Eastland 1934, no writ), cited with approval in *Barnes v. Bituminous Casualty Corp.,* 495 S.W.2d 5, 9 (Tex.Civ.App.—Amarillo 1973, writ ref'd n. r. e.).

bate court the power to construe wills and to hear other kinds of cases previously reserved to the district court. Section 5(c) was enacted in 1973 by the Sixty-Third Legislature, which also submitted to the voters the amendment to art. V, § 8 of the Constitution adding potential probate jurisdiction to the original jurisdiction of the district court. Tex.Laws 1973, ch. 610, § 1, at 1684. Section 5(d) was added by the Sixty-Fourth Legislature two years later. Tex.Laws 1975, ch. 701, § 2, at 2195. Thus, the Sixty-Third Legislature could not have contemplated that the jurisdiction of the probate court as referred to in § 5(c) would include the additional matters included in § 5(d).

Neither can § 5(d) be construed as limiting by its terms the long-standing jurisdiction of the district court to construe wills. Section 5(d) provides:

All courts *exercising original probate jurisdiction shall have the power* to hear all matters incident to an estate, *including but not limited to*, all claims by or against an estate, all actions for trial of title to land incident to an estate and for the enforcement of liens thereon incident to an estate, all actions for trial of the right of property incident to an estate, and *actions to construe wills.* [Emphasis added.]

This language makes no reference to the jurisdiction of the district court. Absent specific language limiting that jurisdiction, we are unwilling to read into this language a divestment of the jurisdiction of the district court as defendants would have us do. *See Wintermann v. McDonald,* 129 Tex. 275, 283, 102 S.W.2d 167, 171 (1937); *International Service Insurance Co. v. Jackson,* 335 S.W.2d 420, 424 (Tex.Civ.App.—Austin 1960, writ ref'd n. r. e.). Accordingly, we conclude that the district court and the county probate court have concurrent jurisdiction to construe wills, unless "otherwise provided" by the legislature under § 5(c).[2]

*Venue*

■ Alternatively, conceding the jurisdiction of the district court, defendants contend that the trial court did not err in transferring the cause to Denton County because it was exercising its discretion under § 8 of the Probate Code. Tex.Prob. Code Ann. § 8(a) (Vernon 1956), entitled "Concurrent Venue," provides that when two or more courts have concurrent venue of an estate, the court in which *application for probate* proceedings thereon is first filed shall have and retain jurisdiction of the estate to the exclusion of the other court or courts. Section 8(c)(1), entitled "Transfer for Want of Venue," states that if it appears at any time before the final decree that the proceeding was commenced in a court which did not have priority of venue, the court shall transfer the proceeding to the proper county. Section 8(c)(2) states:

If it appears to the court . . . that it would be for the best interest of the estate, the court, in its discretion, may order the proceeding transferred to the *proper* court in any other county in this State. [Emphasis added.]

Section 8(e) states:

Any court in which there has been filed *an application for proceedings in probate* shall have full jurisdiction to determine the venue of such proceeding, and of any proceeding relating thereto, and its determination shall not be subject to collateral attack. [Emphasis added.]

We cannot agree that § 8 of the Probate Code controls venue here because § 8 must be read in conjunction with §§ 6 and 7. *See* Tex.Prob.Code Ann. § 8, Comment (Vernon 1956). Section 6 provides for venue to probate wills and to grant letters testamentary or of administration, and § 7 concerns venue for appointment of guardians. We hold that the venue provisions of § 8 pertain only to the proceedings specifically set forth

2. In this respect *see Burke v. Satterfield,* 525 S.W.2d 950, 955 (Tex.1975) and *In re Estate of Bateman,* 528 S.W.2d 86, 88 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.). These cases hold that the county court lacks jurisdiction to compel an accounting or a revised inventory from an independent executor, holding § 145 to be a limitation on § 5(c) in the case of an independent administration.

in §§ 6 and 7 and since the present suit for declaratory judgment by an independent executrix is not within either § 6 or § 7, § 8 is inapplicable. *See Glens Falls Indemnity Co. v. Sterling,* 213 S.W.2d 858 (Tex.Civ. App.—Dallas 1948, mand. overr.).

Plaintiff's sole point of error is that the trial court erred in sustaining the pleas of privilege and transferring the cause to the district court of Denton County because one of the defendants, who is a necessary party, is a resident of Dallas County. Consequently, she argues that article 1995(4) applies and that the trial court should have overruled the pleas. We agree. Tex.Rev. Civ.Stat.Ann. art. 1995(4) (Vernon 1964) provides: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides." Since it is undisputed that Wanda Boyd Ratliff, one of twelve defendants, is a resident of Dallas County and a necessary party to a suit to construe the will, and since plaintiff pleaded and proved a justiciable cause of action against the resident defendant, as well as the other defendants, subdivision (4) is applicable. Accordingly, venue of this suit is properly in Dallas County.

The order of the trial court is, therefore, reversed and judgment is rendered overruling the pleas. The cause is remanded to the district court for further proceedings.