**Corbin J. ROBERTSON, et al., Relators,**

v.

**Honorable Pat GREGORY, Judge of the Probate Court No. 2 of Harris County, Texas.**

**No. C14–83–612CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 13, 1983.

Ewing Werlein, Jr., John L. Carter, D. Gibson Walton, Allan Van Fleet, Vinson & Elkins, Joseph D. Jamail, Jamail, Kolius & Mithoff, Mike Driscoll, County Atty., Harris County, Paul E. Harris, Berry Bowen, Andrews & Kurth, Michael S. Wilk, Hirsch & Westheimer, Houston, for relators.

Joe H. Reynolds, Reynolds, Allen & Cook, Houston, Roy Cohn, Saxe, Bacon & Bolan, Washington, D.C., A.R. "Babe" Schwartz, Charles R. Dunn, Wyckoff, Russell, Dunn & Frazier, James Patrick Smith, Smith & Conner, Alvin M. Owsley, Jr., Baker & Botts, R. Bruce LaBoon, Lidell, Sapp, Zively, Brown & LaBoon, Houston, for respondents.

Before MURPHY, ROBERTSON and SEARS, JJ.

ORIGINAL PROCEEDING

ROBERTSON, Justice.

This is an original proceeding in which relators seek a writ of mandamus compelling respondent to set aside an "Order of Transfer to Another County" certain proceedings pending in the Probate Court No. 2 of Harris County, Texas. We conditionally grant the writ.

In view of respondent's brief filed in this court, the issue has been simplified. Other than being of the "opinion that the transfer was discretionary and not ministerial" and, therefore, mandamus being the inappropriate remedy, respondent does not seriously seek to uphold the order of transfer. A very brief summary will suffice.

In 1967 a proceeding styled "Cause No. 94,467, In re: Guardianship of Ugo di Portanova, N.C.M." was filed in Probate Court No. 2 of Harris County, Texas and the guardianship proceeding has continued to this time. Three additional matters have been filed and docketed ancillary to the original cause number 94,467 as 94,467–A; 94,467–B; and 94,467–C. While the exact nature of 94,467–B filed in 1981 may be in dispute as between the various parties thereto, it is of no importance to the issue before us. The important fact is that following various motions to disqualify respondent from hearing the cause, the court, without notice to the interested parties and on its own motion to transfer, entered an order on August 26, 1983, transferring the guardianship (No. 94,467) and proceedings incident to it (Nos. 94,467–A, 94,467–B and 94,467–C) to Probate Court No. 3 of Dallas

County, Texas. The order recites that both Probate Court Nos. 1 and 3 of Harris County had declined to accept transfer "of said guardianship and proceedings incident to it"; that it was in the "best interest of the ward and his estate to transfer the guardianship and proceedings incident to it to a Statutory Probate Court"; and that such transfer was pursuant to Section 8(c)(2) of the Texas Probate Code.

We agree with relators' contention that the transfer order is void. Courts are without authority, *on their own motion*, to change venue in civil suits. *Humphrey v. Rawlins*, 88 S.W.2d 776 (Tex.Civ.App.—Dallas 1935, no writ). Respondent's reliance upon Section 8(c)(2) of the Probate Code as the statutory authority to change venue on his own motion is, we feel, misplaced. We agree with the reasoning of the court in *Boyd v. Ratliff*, 541 S.W.2d 223 (Tex.Civ. App.—Dallas 1976, writ dism'd) that the venue provisions of Section 8 "pertain only to the proceedings specifically set forth in §§ 6 and 7." There the court held because the suit for declaratory judgment was not a proceeding specifically set forth in either Section 6 or 7, that TEX.REV.CIV.STAT. ANN. art. 1995 (Vernon 1964) rather than Section 8 of the Probate Code, controlled. Likewise in this case, none of the proceedings *then pending before the court* and ordered transferred concerned the probate of a will, or to secure letters testamentary or of administration, or to seek the appointment of a guardian (those proceedings specifically set forth in Sections 6 and 7 of the Probate Code). Accordingly, we hold there was no statutory authority for respondent to order the transfer to Dallas County. The transfer order is, therefore, void.

While respondent states in his brief that he disqualified himself "from said causes" effective with the signing of the transfer order and "thereby has no further jurisdiction whatever in connection with the said causes," he has candidly stated "if deemed by this Court that it is necessary for him to act in some specific way to accomplish the transfer to any court, to the extent specifically directed by this Court, he will perform such acts as are directed." According to the recitations of the transfer order, Probate Court Nos. 1 and 3 of Harris County have declined to accept a transfer of the proceedings. Having refused to voluntarily accept transfer of the proceedings, TEX. REV.CIV.STAT.ANN. art. 1970–110a.2, § 12 (Vernon 1964) provides the judge of Probate Court No. 1 or the County Judge of Harris County "shall sit and act as Judge of said Court." If both of these judges are absent, disqualified or incapacitated, Section 13 thereof authorizes the appointment or election of a special judge in accordance with "the General Laws relating to county courts." (TEX.REV.CIV.STAT.ANN. art. 1932, § 13 (Vernon 1964).)

We are confident respondent will proceed in accordance with this opinion. Should he fail to do so within 30 days, the writ of mandamus will issue in accordance with this opinion. At such time as the transfer order is set aside, the temporary injunction heretofore entered against the county clerk prohibiting the actual transfer of the proceedings is dissolved.