**In re FORD MOTOR COMPANY,**
**Relator.**

**No. 14–97–00911–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 16, 1997.

Michael S. Goldberg, Claudia Wilson Frost, Jacalyn Ann Hollabaugh, Michael P. Lennon, Houston, for relator.

Gordon E. Davenport, Jr., Alvin, for respondent.

Before LEE, AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

In this original proceeding, relator, Ford Motor Company, seeks a writ of mandamus ordering the respondent, The Honorable James A. Blackstock, Judge of the Probate and County Court at Law No. 3 of Brazoria County, Texas, to vacate an order transferring a wrongful death and survival action from the district court in Polk County to his statutory probate court. We conditionally grant the writ.

On March 28, 1996, Jerry Ann Miller died as a result of injuries sustained in a car accident in Polk County, Texas. On May 15, 1996, the decedent's heirs filed a probate action in the Probate and County Court at Law No. 3 of Brazoria County, Texas, styled *In re Estate of Jerry Ann Miller, Deceased,* Cause No. 21,482. On December ·13, 1996, the decedent's husband, Arthur Norman Miller, filed a wrongful death and survival action in the 258th district court of Polk County, styled *Arthur Norman Miller, Individually and as Legal Representative of the Estate of*

*Jerry Ann Miller, Deceased v. Ford Motor Company and Brandon James Sturm,* Cause No. 16, 247. On June 25, 1997, the decedent's two adult daughters from a previous marriage and the real parties in interest, Cindy Lou Beswick and Terri Germany White, filed a Petition in Intervention in the Polk County suit. On or about July 18, 1997, the daughters filed a motion to transfer in the probate court, requesting the transfer of the wrongful death and survival action from the Polk County district court to the Brazoria County probate court and the consolidation of that case with the probate action involving their mother's estate. On or about August 4, 1997, relator filed a motion opposing the transfer. On August 12, 1997, Judge Blackstock signed an order, transferring the wrongful death and survival action from the Polk County district court to the Brazoria County probate court and consolidating that case with the pending probate action involving the decedent's estate. On August 21, 1997, relator filed this mandamus, asserting that Judge Blackstock's August 12, 1997, order is void for lack of statutory authority and requesting this Court to direct Judge Blackstock to vacate that order.

■ Where the trial court's order is void, it is unnecessary for the relator to show it pursued other available remedies and mandamus will issue. *See Milton v. Herman,* 947 S.W.2d 737, 742 (Tex.App.—Austin 1997, orig. proceeding); *see also South Main Bank v. Wittig,* 909 S.W.2d 243, 244 (Tex.App.—Houston [14th Dist] 1995, orig. proceeding). Mandamus is also appropriate when one court directly interferes with the jurisdiction of another court. *See Flores v. Peschel,* 927 S.W.2d 209, 211 (Tex.App.—Corpus Christi 1996, no writ). In the transfer order, the court specifically found the wrongful death and survival action "appertain[ed] to or [was] incident to an estate currently pending in the Probate Court No. 3 of Brazoria County." Section 5B of the Probate Code, entitled "Transfer of Proceeding," permits the judge of a statutory probate court to transfer from another court an action appertaining to or incident to an estate pending in his or her court. Specifically, section 5B provides:

A judge of a statutory probate court on the motion of a party to the action or on the motion of a person interested in an estate, may transfer to his court from a district, county, or statutory court a cause of action *appertaining to or incident to an estate* pending in the statutory probate court and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.

TEX. PROB.CODE ANN. § 5B (Vernon Supp. 1997) (emphasis added).

■ Under section 5A(b) of the Probate Code, claims "appertaining to estates" and "incident to an estate" include "the probate of wills, the issuance of letters testamentary and of administration, the determination of heirship, all claims by or against an estate, all actions for trial of title to land and for enforcement of liens thereon, all actions for trial of the right of property, all actions to construe wills, the interpretation and administration of testamentary trusts, the applying of constructive trusts and generally all matters relating to the settlement, partition, and distribution of estates of deceased persons." TEX. PROB.CODE ANN. § 5A(b) (Vernon Supp. 1997). Wrongful death and survival actions are not defined in section 5A(b) as actions "appertaining to or incident to an estate." Indeed, in construing section 5A, the Texas Supreme Court has held that wrongful death and survival actions are *not* claims "appertaining to or incident to" an estate because "the controlling issue" is not "the settlement, partition or distribution of an estate." *Palmer v. Coble Wall Trust Co., Inc.,* 851 S.W.2d 178, 182–83 (Tex.1992) (citing *Seay v. Hall,* 677 S.W.2d 19, 24 (Tex.1984)); *see Brown v. Edwards Transfer Co.,* 764 S.W.2d 220, 222–23 (Tex.1988). Because Mr. Miller's wrongful death and survival action is not a claim "appertaining to or incident to" his wife's estate, Judge Blackstock lacked authority to transfer that action to the statutory probate court where the estate was pending and the order granting such a transfer was therefore an abuse of discretion and void.

■ The real parties in interest contend the 1984 *Seay* decision, the controlling case on this issue, has been overruled by subse-

quent amendments to section 5A. Applying "the controlling issue test," the *Seay* court held the statutory probate court did not have jurisdiction over a wrongful death and survival action filed in that court by the representative of the decedent's estate. Section 5A, as amended, however, gives statutory probate courts concurrent jurisdiction with the district courts in "actions by or against a person in the persons's capacity as personal representative," regardless of whether the matter is appertaining to or incident to an estate. *See* TEX. PENAL CODE ANN. § 5A(c), (d) (Vernon Supp.1997). Because Mr. Miller's wrongful death and survival action was brought in his capacity as personal representative of his wife's estate, the real parties in interest assert the probate court has jurisdiction over that action and the transfer was proper.

The Fort Worth Court of Appeals rejected an identical argument in *D.B. Entertainment, Inc. v. Windle*, 927 S.W.2d 283 (Tex. App.—Fort Worth 1996, orig. proceeding). In *D.B. Entertainment*, the decedent's widow, Sandra Green, individually and as next friend of their two minor children, filed a wrongful death suit against D.B. Entertainment and others in Denton County district court. 927 S.W.2d at 284. After an agreed change of venue in the wrongful death suit to Tarrant County, Green initiated guardianship proceedings in the statutory probate court of Denton County. *Id.* Green filed a motion in the probate court to transfer the Tarrant County wrongful death suit to the Denton County probate court pursuant to section 608 of the Probate Code. *Id.* at 284–85. The trial court granted this motion and D.B. Entertainment brought a mandamus, asserting the trial court abused its discretion in transferring the wrongful death suit "without statutory authority" and the transfer order was void. *Id.* at 285.

In construing sections 607 and 608 of the Probate Code, the court of appeals examined identical wording in sections 5A and 5B of the Probate Code, respectively. The court held that while a statutory probate court now has concurrent jurisdiction with district courts over wrongful death and survival claims, a statutory probate court cannot transfer such claims to itself because they are not causes of action appertaining to or incident to the guardianship estate. *Id.* at 287. The court recognized that the *Seay* court's interpretation of "matters appertaining to or incident to an estate" and its holding that wrongful death and survival claims are not "matters appertaining to or incident to an estate" is still good law. *Id.* at 286. The court explained that the purpose of the 1985 and later amendments to section 5A giving a statutory probate court concurrent jurisdiction with a district court over wrongful death and survival claims brought by a personal representative or guardian, was to legislatively overrule the *Seay* court's *result*. *Id.* The court noted, however, that the Probate Code was not amended to define wrongful death and survival claims as matters appertaining to or incident to an estate. *Id.* Thus, the court concluded that Green's wrongful death suit could not be transferred to the statutory probate court where the guardianship estate was filed because: (1) a wrongful death claim is not a cause of action appertaining to or incident to a guardianship estate; and (2) section 608 lacked language giving a statutory probate court authority to transfer actions by or against a person in the person's capacity as guardian, regardless of whether the matter is "appertaining to or incident to" a guardianship estate. *Id.* at 287.

The holding in *D.B. Entertainment* is not inconsistent with *Palmer*. In *Palmer*, the supreme court acknowledged that the subsequent amendments to section 5A dispensed with the need to determine whether a claim is "appertaining to or incident to an estate" in suits involving a personal representative. 851 S.W.2d at 182. The court, however, recognized "the need for an ascertainable meaning of 'appertaining to or incident to' an estate still exists in certain circumstances." As *D.B. Entertainment* implicitly recognizes, a transfer is such a circumstance because there is nothing in section 5B that authorizes the transfer of an action by or against a personal representative, regardless of whether the action is "appertaining to or incident to an estate." *See D.B. Entertainment*, 927 S.W.2d at 287.

The real parties in interest argue that we cannot apply section 5B without looking to section 5A. Section 5A is a jurisdictional statute that determines the court where suit may be filed. Unlike section 5B, section 5A does not govern transfers. Therefore, while we must look to section 5A, we do so merely to ascertain the definition of the phrase "appertaining to or incident to" an estate.

In that regard, the real parties in interest also contend that a 1997 amendment to section 5A(b) now "conclusively establishes" the Legislature's intent that "all actions brought on behalf of a decedent's estate are 'appertaining to or incident to an estate.'" Referring to the statutory probate courts' jurisdiction to hear "all suits, actions and applications filed against or on behalf of any heirship proceeding or decedent's estates ...," the amendment provides that "all such suits, actions and applications are appertaining to and incident to an estate for purposes of this section." See Act of September 1, 1997, 75th Leg., R.S., Ch. 1301, 1, 1997 Tex. Gen. Laws 4954. The Act amending section 5A and other provisions of the Probate Code took effect on September 1, 1997, and "applies only to the estate of a person who dies on or after that date." See id. at 4959. Because the decedent died before the effective date of the Act, the amendment is inapplicable. See id.

Finally, the real parties in interest assert the transfer was proper because "a statutory probate court may exercise the pendent and ancillary jurisdiction necessary to promote judicial efficiency and economy." See TEX. PROB.CODE ANN. § 5A(d) (Vernon Supp.1997). As we observed, sections 5A and 5B govern two different aspects of procedure. In any event, we need not address this contention because Judge Blacklock's order is not based on pendent or ancillary jurisdiction, but on the erroneous legal conclusion that the wrongful death and survival action filed in Polk County district court was appertaining to and incident to the estate pending in the Brazoria County probate court.

We find the analysis in *D.B. Entertainment* persuasive and conclude it is equally applicable to this case. Accordingly, we hold that Judge Blackstock lacked authority to transfer Mr. Miller's wrongful death and survival action from Polk County district court to the Brazoria County probate court because: (1) wrongful death and survival actions are not causes of action appertaining to an estate; and (2) section 5B does not give a statutory probate court authority to transfer actions by or against a personal representative, regardless of whether the action is appertaining to or incident to an estate. See *D.B. Entertainment*, 927 S.W.2d at 286-87.

Judge Blackstock's order of August 12, 1997, is therefore void. We conditionally grant the writ of mandamus and direct Judge Blackstock to vacate his order of August 12, 1997, transferring the case styled *Arthur Norman Miller, Individually and as Legal Representative of the Estate of Jerry Ann Miller, Deceased v. Ford Motor Company and Brandon James Sturm*, Cause No. 16,-247, from the 258th district court of Polk County to the Probate and County Court at Law No. 3 of Brazoria County and consolidating that case with the case styled *In re Estate of Jerry Ann Miller, Deceased*, Cause No 21,482. Mandamus will issue only if Judge Blackstock refuses to comply.