**In re J7S INC., J7S Cattle Co., Ltd., and Jerome W. Schuchart, Relators.**

**No. 14–98–00756–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 24, 1998.

---

William Terry Tschirhart, Castroville, J., Douglas Sutter, Kenneth Breitbeil, Houston, for relator.

Thomas E., Joseph, San Antonio, Richard Sheehy, Mike Johnston, Houston, C., Munson, W., Bradford Hill, Houston, for respondent.

Before Justices LEE, ANDERSON and EDELMAN.

## OPINION

LEE, Justice.

In this mandamus proceeding, relators, J7S, Inc., J7S Cattle Co., Ltd., and Jerome W. Schuchart, challenge the probate court's April 30, 1998 order denying their motion to transfer venue. Relators contend the probate court abused its discretion in refusing to transfer the underlying suit for recovery of real property to the district court in Atascosa County because the property in question is located in that county. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 15.0011 (Vernon Supp. 1998). Finding no abuse of discretion, we deny mandamus relief.

## BACKGROUND

On November 4, 1994, Roger Noel Lujan ("Lujan") sold his ranch and certain personal property located in Atascosa County to J7S Cattle Co., Ltd ("J7S Cattle"). J7S, Inc. ("J7S"), is the general partner of J7S Cattle and Jerome Schuchart ("Schuchart") is an officer of J7S. Lujan's guardian and the real party in interest, Paul Schaffer ("Schaffer"), contends that relators paid far less than market value for the land and property because the elderly Lujan suffers from chronic paranoid schizophrenia and was mentally incapacitated at the time of the sale. Schaffer, a former Harris County deputy sheriff, is Lujan's cousin. Relators dispute Schaffer's consanguinity to Lujan and the contention that Lujan was an incapacitated person. Shortly after the sale, Schaffer learned that Lujan was no longer living at the ranch and

filed a missing persons report. In the meantime, Schaffer sought and obtained temporary guardianship of Lujan in the county court of Atascosa County. A month later, Lujan was found living alone in a house in Austin.

In September 1995, Schaffer filed an application for permanent guardianship of Lujan in the county court of Atascosa County, but took no further action on the application. Instead, a year later, Schaffer filed an application for permanent guardianship of Lujan in the Probate Court No. 2 of Travis County. In February 1997, Schaffer nonsuited the guardianship proceeding in Atascosa County and the Travis County probate court appointed Schaffer as Lujan's permanent guardian. Thereafter, Schaffer placed Lujan in a nursing home in Baytown, Texas and with the probate court's approval, liquidated Lujan's assets in Austin. In July 1997, the Travis County probate court, pursuant to Schaffer's motion, transferred Lujan's guardianship proceeding to the probate court in Harris County.

On August 18, 1997, Paul Schaffer, as guardian of the person and estate of Lujan, filed suit against J7S Cattle, Schuchart and others in the Harris County Probate Court No. 2, where the Lujan guardianship proceeding was now pending. Based on Lujan's alleged incapacity at the time of the sale, Schaffer sought a declaratory judgment on the validity of the sale and asserted claims for fraud, conspiracy, negligence, gross negligence, undue influence and constructive trust. The suit did not originally include J7S. All of the defendants timely answered subject to their verified motions to transfer venue to Atascosa County. After a hearing on November 10, 1997, the Harris County probate court denied the motions.

On January 23, 1998, Schaffer amended his petition adding J7S as a defendant. J7S answered subject to its verified motion to transfer venue. On March 2, 1998, Schaffer filed a second amended petition alleging for the first time, personal injury resulting from the defendants' negligence. On March 30, 1998, J7S supplemented its motion to transfer venue with affidavits that affirmatively asserted venue facts in favor of Atascosa County. Thereafter, the other defendants filed a motion joining J7S's motion. Two weeks before the venue hearing, Schaffer filed a fourth amended petition adding a claim for "cancellation of/voidance of bill of sale and deed." On April 30, 1998, after a hearing, the probate court denied the defendants' motions. The probate court subsequently set the case for trial on October 5, 1998. On July 6, 1998, ninety-one days before trial, relators filed this petition for writ of mandamus complaining of the April 30th order.[1] *See* TEX.CIV.PRAC. & REM.CODE ANN . § 15.0642 (Vernon Supp.1998) (a party may apply for a writ of mandamus to enforce a mandatory venue provision prior to the 90th day before the date of trial).

## ANALYSIS

It is undisputed that Lujan's guardianship estate was pending in a statutory probate court of Harris County and that Schaffer filed suit there in his capacity as guardian to recover real property located in Atascosa County. It is also undisputed that both the statutory probate court in Harris County and the district court in Atascosa County have jurisdiction over the Schaffer suit. Specifically, original jurisdiction of suits to try title to land is vested in the district courts. *See* TEX. CONST. art. V, § 5 (district court has exclusive, original jurisdiction of "all actions proceedings and remedies," except where such jurisdiction is conferred by the Constitution or other law on some other court); *see also Jones v. LaFargue*, 758 S.W.2d 320, 325 (Tex.App.—Houston [14th Dist.] 1988, writ denied) (interpreting former art. V, § 5). Sections 606 and 607 of the Probate Code confer jurisdiction on the statutory probate courts "rather than the district courts" to hear "all applications petitions and motions regarding guardianships and matters appertaining to or incident to a guardianship estate" TEX.PROB.CODE ANN. §§ 606(c), (e),

---

**1.** Although relators complain about the November 10th order, J7S was not a party to the lawsuit at the time. Because all of the other defendants joined in J7S's subsequent motion to transfer, we will review only the April 30th order. *See* TEX.CIV.PRAC. & REM CODE ANN §§ 15.005, 15.0641 (Vernon Supp.1998).

607(b) (Vernon Supp.1998). "A matter appertaining to or incident to a guardianship estate" includes "all actions for trial of title to land" and "all actions for trial of the right of property." *See id.* § 607(b). Section 607 also provides that "in a situation in which the jurisdiction of a statutory probate court is concurrent with that of a district court, a cause of action appertaining to or incident to an estate *shall* be brought in .the statutory probate court rather than the district court." *Id.* at § 607(b) (emphasis added).. Although the parties agree that Schaffer's suit is "appertaining to or incident to" the pending guardianship estate, they dispute whether the above quoted language confers exclusive jurisdiction on the statutory probate courts. We need not decide that issue, however, because we conclude, based on the language of section 608 of the Probate Code, that the probate court did not abuse its discretion in refusing to transfer the Schaffer suit to Atascosa County.[2]

■ Section 608 specifically authorizes a statutory probate court to transfer to itself a cause of action appertaining to or incident to a pending guardianship estate. *See* TEX. PROB.CODE ANN. § 608 (Vernon Supp.1998); *see also In re Graham*, 971 S.W.2d 56, 58 (Tex.1998). Courts interpreting this section and identical section 5B of the Probate Code have held that statutory probate courts may exercise jurisdiction over causes of action appertaining to or incident to an estate, "notwithstanding the venue statutes." *See Lanier v. Stem*, 931 S.W.2d 1, 2–3 (Tex.App.—

Waco, 1996, orig.proceeding); *see also Henry v. LaGrone*, 842 S.W.2d 324, 327 (Tex .App—Amarillo, 1992 orig proceeding). Both *Lanier* and *Henry* involved the transfer of a suit appertaining to or incident to an estate from a district court in another county to a statutory probate court where a guardianship was pending. *See Lanier*, 931 S.W.2d at 2–3; *see also Henry*, 842 S.W.2d at 326–27. We see no distinction between the rationale of those cases and this case, where the statutory probate court refused to transfer a suit appertaining to or incident to an estate to a district court.[3] This view of statutory probate court jurisdiction is consistent with the Legislature's persistent expansion of that jurisdiction so that claims appertaining to or incident to a guardianship estate can be resolved in the same court by the same judge. *See Graham*, 971 S.W.2d at 59–60. Thus, we cannot say the probate court's ruling on relators' motion to transfer venue was an abuse of discretion.[4]

■ Relators argue that Section 15.007 of the Civil Practices and Remedies Code, which became effective after the decisions in *Lanier* and *Henry*, now trumps the foregoing provision of the Probate Code. *See* Act of August 28, 1995, 74th Leg., R.S., ch. 138, § 11(a), 1995 Tex.Gen.Laws 978, 981. Section 15.007 provides:

> Notwithstanding Sections 15.004, 15,005, and 15.031, to the extent that venue under this chapter for a suit by or against an executor, administrator, or guardian as such, for personal injury, death or proper-

---

2. We note that section 607 of the Probate Code also provides that a statutory probate court has concurrent jurisdiction with a district court in all actions by or against a person in the person's capacity as a guardian, "whether or not the matter is appertaining to or incident to a guardianship estate." TEX.PROB.CODE ANN. § 607(c), (e) (Vernon Supp.1998). Likewise, section 25.1034(a) of the Government Code provides that the statutory probate courts of Harris County have concurrent jurisdiction with the district courts in all actions by or against a personal representative, whether or not the matter is appertaining to or incident to an estate. *See* TEX. GOV'T CODE ANN. § 25.1034(a) (Vernon Supp. 1998).

3. Relators assert the question of whether the probate court could transfer the underlying case back to itself from Atascosa County, is premature

because the case has yet to be transferred from the probate court. In response to relators' first motion to transfer venue, Schaffer, in the alternative, moved to transfer the case back to the probate court pursuant to section 608, in the event the court determined that venue was proper in Atascosa County. We refuse to ignore the consequences of such a transfer when that issue was clearly presented to the trial court.

4. Even if the Schaffer suit were not incident to the pending guardianship estate, the probate court did not abuse its discretion. Section 25.1034(a) of the Government Code gives a statutory probate court in Harris County expanded authority to transfer to itself "a cause of action in which a personal representative of an estate pending in [the] statutory probate court is a party." *See* TEX. GOV'T CODE ANN. § 25.1034(a) (Vernon Supp.1998).

ty damage conflicts with venue provisions under the Texas Probate Code, this chapter controls.

TEX.CIV.PRAC. & REM.CODE ANN. § 15.007 (Vernon Supp.1998).

Relators argue Schaffer's suit is for personal injury and damage to property and thus, the venue provisions of the Civil Practice and Remedies Code control.[5] We disagree. The fact that Schaffer's suit includes incidental damages for "bodily injury, mental anguish and property damage" caused by the defendants' conduct does not make the suit one for property damage and personal injury. The conduct giving rise to Schaffer's suit is the alleged fraudulent purchase of Lujan's ranch at substantially less than fair market value. Because we find that Schaffer's suit is for recovery of land and not for personal injury or damage to property, we conclude that section 15.007 is inapplicable. However, even if Schaffer's suit can be construed as one for personal injury and damage to property, section 15.007 is still inapplicable.

Section 15.007 refers solely to a conflict between venue provisions under the Civil Practice and Remedies Code and venue provisions under the Probate Code. Contrary to relators' contention, sections 607 and 608 are not venue provisions, but are jurisdictional statutes. *In re Ford Motor Co.*, 965 S.W.2d 571, 575 (Tex.App.—Houston [14th Dist.] 1997, orig. proceeding) (noting that section 5A of the Probate Code, which is nearly identical to section 607, is a jurisdictional statute); *see also Henry*, 842 S.W.2d at 327 (noting that section 5B of the Probate Code, which is identical to section 607, is a jurisdictional statute). Part 2 of Chapter XIII of the Probate Code deals with guardianship proceedings and matters. Sections 605 through 609 in Subpart A address jurisdiction. Sections 610 through 618 in Subpart B address venue for the appointment of a guardian. The parties agree the Lujan guardianship does not involve appointment of a guardian and indeed, neither party relies

on any of the pertinent venue provisions of the Probate Code. Because we are not dealing with a conflict between venue provisions under the Civil Practice and Remedies Code and venue provisions under the Probate Code, section 15.007 is inapplicable. Relators argue that categorizing sections 607 and 608 as jurisdictional statutes unfairly gives guardians control of litigation and renders section 15.007 meaningless. While we realize that our view of these Probate Code provisions may severely limit the scope of section 15.007, this view is consistent with the Legislature's intent to have claims incident to an estate heard in the probate courts. *See Graham*, 971 S.W.2d at 59–60.

Finally, relators assert that case law establishes that venue of a guardian's claim may be proper in a county other than where the guardianship estate is pending. *See Cone v. Gregory*, 814 S.W.2d 413 (Tex.App.—Houston [1st Dist] 1991, orig. proceeding); *Robertson v. Gregory*, 663 S.W.2d 4, 5 (Tex. App.—Houston [14th Dist.] 1983, no writ); *Boyd v. Ratliff*, 541 S.W.2d 223, 225–26 (Tex. App.—Dallas 1976, writ dism'd); *Luke v. Ormond*, 517 S.W.2d 647, 648–49 (Tex.App.—Houston [14th Dist] 1974, no writ). These cases are distinguishable. In *Cone*, the court upheld a transfer of venue by the probate court in one county to the district court in another county, but only because the district court had exclusive jurisdiction over the guardian's suit to remove a trustee under the Trust Code. *Cone*, 814 S.W.2d at 414. In *Robertson* and *Boyd*, the appellate courts invalidated venue transfers under section 8 of the Probate Code because the suits at issue were not the type of probate or guardianship proceedings governed by section 8. *Robertson*, 663 S.W.2d at 5; *Boyd*, 541 S.W.2d at 225–26. Here, there was no attempt to invoke the venue provisions of the Probate Code. *See* Tex.Prob.Code Ann. §§ 610, 611 (Vernon Supp.1998). Although the court in *Boyd* applied the general venue statutes, that case was decided long before the enactment

---

5. In support of their argument, relators cite *D.B. Entertainment Inc. v. Windle*, 927 S.W.2d 283 (Tex.App.—Fort Worth, 1996, orig. proceeding). In that case, the court noted in *dictum* that the amendments to the venue statutes "changed the ability of statutory probate courts to transfer personal injury, death, or property damage suits pending in the district courts of other counties to itself." 927 S.W.2d at 288. While citing section 15.007, the court never addressed the application of this provision because suit was filed before the provision's effective date. *Id.*

of section 5B and the recent holdings of *Henry* and *Lanier. See* Act of September 1, 1983, 68th Leg., R.S., ch. 958, § 1, 1983 Tex.GenLaws 5228. Finally, in *Luke*, the court of appeals applied the general venue statutes only because the partition suit there did not involve a probate matter. *Luke*, 517 S.W.2d at 648–49. Here, Schaffer's suit involves a matter incident to a pending guardianship estate.

Because we hold the probate court did not abuse its discretion in denying relator's motion to transfer venue, we deny mandamus relief.

EDELMAN, J., concurs in the result only.