Opinion issued April 29, 2003












In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00679-CV






RELIANT ENERGY, INC., Appellant


V.


JANNETE GONZALEZ, AS DEPENDENT ADMINISTRATOR OF THE
ESTATE OF GUADALUPE GONZALEZ, JR., DECEASED, Appellee


* * * * *






NO. 01-02-01054-CV






JANNETE GONZALEZ, AS DEPENDENT ADMINISTRATOR OF THE
ESTATE OF GUADALUPE GONZALEZ, JR., DECEASED, Appellant


V.


RELIANT ENERGY, INC., Appellee






On Appeal from the 113th District Court

Harris County, Texas

Trial Court Cause No. 2002-21820






DISSENTING OPINION


 This case involves the jurisdiction of a "statutory" probate court. Because I
believe the majority is incorrectly treating a "jurisdictional" statute as though it is a
"venue" provision, I respectfully dissent. (1)

Factual Background and Procedural History

 Jannete Gonzalez is the surviving widow and dependent administrator of the
estate of her late husband, Guadalupe Gonzalez, Jr., who was killed August 24, 2001,
while working at a Reliant power plant in Houston, Texas. The following timeline
of events is relevant to the disposition of this case:


 -September 28, 2001 - Gonzalez filed a wrongful death and survival lawsuit
against Reliant in Hidalgo County probate court, where her husband's estate
was being probated.




 -October 26, 2001 - Reliant filed a motion to transfer venue of the wrongful
death and survival suit to Harris County.

 -December 13, 2001 - Reliant's motion to transfer venue was denied. (2)

 -April 29, 2002 - Gonzalez filed in a Harris County district court a lawsuit that
asserted the identical claims and sought the same relief as the previously filed
Hidalgo County wrongful death and survival lawsuit.

 -May 9, 2002 - In Hidalgo County, Gonzalez filed an "administrator's motion
to transfer and consolidate" the Harris County lawsuit with the Hidalgo County
case, pursuant to section 5B of the Probate Code.

 -May 10, 2002 - The probate court set a hearing for Gonzalez's transfer and
consolidation motion for June 19, 2002.

 -May 16, 2002 - Reliant filed an answer to the Harris County lawsuit and
asserted a counterclaim asking the court for an anti-suit injunction, which
would prevent Gonzalez from prosecuting the Hidalgo County action.

 -May 16, 2002 - The district court set a hearing on Reliant's request for an anti-suit injunction for June 3, 2002.

 -May 20, 2002 - Gonzalez amended her motion to transfer and consolidate, 
advising the Hidalgo County probate court of the upcoming hearing in the
Harris County district court.

 -May 20, 2002 - The Hidalgo County probate court rescheduled the June 19,
2002 hearing for May 30, 2002.

 -May 22, 2002 - Reliant sought a temporary restraining order in the Harris
County district court in order to prevent Gonzalez from proceeding with her
motion to transfer and consolidate until after the June 3 temporary injunction
hearing in Harris County.

 -May 23, 2002 - Judge George C. Hanks, sitting as the ancillary judge for the
Harris County district courts, granted Reliant's request for a temporary
restraining order. (3)

 -May 23, 2002 - In the Hidalgo County probate court, Reliant filed a motion to
abate.

 -May 28, 2002 - In Hidalgo County, Gonzalez filed a "Request to Pass the May
30, 2002 Hearing on Second Motion to Transfer and Consolidate and Have the
Hearing Rescheduled until after June 3, 2002."

 -May 29, 2002 - Reliant filed a "Motion to Continue Administrator's Motion
to Transfer" with the Hidalgo County probate court.

 -May 30, 2002 - The Hidalgo County probate court held a hearing on
Gonzalez's motion to transfer and consolidate as well as Reliant's motion for
continuance and abatement. The court signed a "Transfer of Proceeding
Order" that transferred and consolidated the Harris County case with the
Hidalgo County case. (4) Reliant's motions for continuance and abatement were
denied.

 -June 3, 2002 - Harris County District Court Judge Patricia Hancock held a
hearing on Reliant's application for a temporary injunction.




 -June 26, 2002 - Reliant's request for temporary injunction was denied.



 On appeal in Cause No. 01-02-00679-CV, Reliant presents the following
issue: Did the Harris County district court abuse its discretion in failing to issue a
temporary injunction to protect its dominant jurisdiction from identical proceedings
in the Hidalgo County probate court and to prevent Gonzalez's attempt to circumvent
the anti-forum shopping policies behind the venue statutes?

Conflict

 As a general rule, when cases involving the same subject matter are brought in
different courts, the court with the first-filed case has dominant jurisdiction and
should proceed, and the other case should abate. Perry v. Del Rio, 66 S.W.3d 239,
252 (Tex. 2001). This rule applies when the parties have a "choice of forums," i.e.,
when both courts are proper forums for the suit. See id.

 In this case, both the Harris County district court and the Hidalgo County
probate court (a statutory probate court) (5) had subject matter jurisdiction over
Gonzalez's wrongful death claim. See Tex. Prob. Code Ann. § 5A(c)(1) (Vernon
2003) ("statutory probate court has concurrent jurisdiction with the district court
in all actions . . . by or against a person in the person's capacity as a personal
representative . . . .") (emphasis added). However, the legislature has specifically
provided that, "In situations where the jurisdiction of a statutory probate court is
concurrent with that of a district court, any cause of action appertaining to estates or
incident to an estate (6) shall be brought in a statutory probate court rather than in the
district court." Tex. Prob. Code Ann. § 5A(b) (Vernon 2003) (emphasis added). 
Further, the legislature has specifically provided that a judge of a statutory probate
court may transfer from a district court to the statutory probate court, on motion,
"a cause of action appertaining to or incident to an estate pending in the statutory
probate court or a cause of action in which a personal representative of an estate
pending in the statutory probate court is a party." Tex. Prob. Code Ann. § 5B 
(Vernon 2003). (7)

 Thus, Gonzalez argues, the Hidalgo County Probate Court, a statutory
probate court, does have "dominant jurisdiction" over this wrongful death case, and
therefore the Harris County district court properly denied the application for an anti-suit injunction.

 Reliant responds that, because this is a suit by an executor for wrongful death,
the venue provisions of the Civil Practice and Remedies Code control over the
provisions of the Probate Code, and the suit must remain in the Harris County district
court. Reliant relies on Civil Practice and Remedies Code section 15.007, which
states, in relevant part, as follows:

 [T]o the extent that venue under this chapter for a suit by or against an
executor, administrator, or guardian as such, for personal injury, death,
or property damage conflicts with venue provisions under the Texas
Probate Code, this chapter controls.


Tex. Civ. Prac. & Rem. Code Ann. § 15.007 (Vernon 2002) (emphasis added). It
is Reliant's position that, by enacting section 15.007, the legislature has carved out
three exceptions to the rule that claims by an estate are to be brought in the county
statutory probate court where the estate is pending.

Analysis

 It did not become clear that probate courts have jurisdiction over wrongful
death and survival claims until 1992, when the Texas Supreme Court issued its
opinion in the Palmer case. See Palmer, 851 S.W.2d at 181 (stating that, even though
legislature amended section 5A of Probate Code in 1985 to give probate courts
jurisdiction of such claims, many courts of appeals continued to hold probate courts
had no such jurisdiction). After the 1992 clarification, the Texas Legislature, in 1995,
passed into law section 15.007 of the Civil Practice and Remedies Code that deals
strictly with three types of lawsuits, i.e., "for personal injury, death, or property
damage." When suit is brought by an executor or administrator "for personal injury, 
death, or property damage," the venue provisions of chapter 15 of the Civil Practice
and Remedies Code control over conflicting venue provisions under the Probate
Code. Tex. Civ. Prac. & Rem. Code Ann. § 15.007 (added by Act of May 4, 1995,
74th Leg., R.S., ch. 138, § 1, sec. 15.007, 1995 Tex. Gen. Laws 978, 980).

 Reliant argues that, because this is a wrongful death suit, section 15.007
controls, and that to hold otherwise would render section 15.007 meaningless. 
However, Reliant fails to note the important distinction between statutory probate
courts and county courts and district courts having probate jurisdiction. (8) There
are only 10 counties in Texas that have statutory probate courts, those 10 being
among the most populous Texas counties. The legislature, in its apparent wisdom,
has decided that those courts have dominant jurisdiction in cases such as this. See
Tex. Prob. Code Ann. §§ 5A(b), 5B; In re J7S, Inc., 979 S.W.2d 374, 378 (Tex.
App.--Houston [14th Dist.] 1998, orig. proceeding) (noting, in case involving
statutory probate court, that sections 5A(b) and 5B are jurisdictional statutes, not
venue provisions); see also In re Houston Northwest Partners, Ltd., 98 S.W.3d 777,
779-80 (Tex. App.--Austin 2003, orig. proceeding) (personal injury case noting that
virtually every appellate court that has considered sections 5B or 608 of Probate Code
has deemed transfer provisions to be jurisdictional statutes, not venue provisions that
would be governed by section 15.007); Greathouse v. McConnell, 982 S.W.2d 165,
171 (Tex. App.--Houston [1st Dist.] 1998, pet. denied); In re Ford Motor Co., 965
S.W.2d 571, 575 (Tex. App.--Houston [14th Dist.] 1997, orig. proceeding); Lanier
v. Stem, 931 S.W.2d 1, 3 (Tex. App.--Waco 1996, orig. proceeding); Henry v.
Lagrone, 842 S.W.2d 324, 327 (Tex. App.--Amarillo 1992, orig. proceeding); First
State Bank of Bedias v. Bishop, 685 S.W.2d 732, 735-37 (Tex. App.--Houston [1st
Dist.] 1985, writ ref'd n.r.e.).

 As for the remaining 244 counties (out of 254 counties total), section 15.007
is effective. The Probate Code specifically addresses proceedings in "Constitutional
County Courts" and "Statutory County Courts at Law" separately from the
provisions regarding proceedings in statutory probate courts. Compare Tex. Prob.
Code Ann. § 5A(a) with Tex. Prob. Code Ann. § 5A(b), (c). Unlike the provisions
dealing with statutory probate courts, section 5A(a) does not address the issue of
which court should handle a claim by an estate when both the district court and the
"Constitutional County Court" or "Statutory County Court at Law" has jurisdiction.

 The venue provisions dealing with decedents' estates in the Probate Code
appear in sections 6 and 8. Tex. Prob. Code Ann. §§ 6, 8 (Vernon 2003). (9) Under
section 6, venue for the administration of a decedent's estate is proper:

 (1) in the county where the deceased resided;


 (2) if the deceased did not reside in Texas, but died in Texas, then
either


 (a) in the county where his principal property was at the time
of his death, or


 (b) in the county where he died;


 (3) if the decedent did not reside in Texas and did not die in Texas,
then (a) in any county in Texas where his nearest of kin resides,
or (b) if the decedent had no kindred in Texas, then in the county
where his principal estate was situated at the time of his death.


 (4) When administration is for the purpose only of receiving funds
due from a governmental source, then in the county where the
applicant resides.


Tex. Prob. Code Ann. § 6 (Vernon 2003).

 Section 8 of the Probate Code addresses the following matters:

 (a) Concurrent Venue (Procedure when two or more courts have
concurrent venue of an estate - providing that "the court in which
application for probate proceedings thereon is first filed shall
have and retain jurisdiction of the estate to the exclusion of the
other court or courts. . . .");


 (b) Proceedings in More Than One County (providing for stay of
proceedings except in county where first commenced, and
providing for determination of proper venue);


 (c) Transfer of Proceeding (dealing with transfers for want of venue
and for convenience of estate);


 (d) Validation of Prior Proceedings (providing for validity of
orders entered prior to transfer to another county);


 (e) Jurisdiction to Determine Venue (authorizing court in which an
application for probate is filed to determine venue).


See Tex. Prob. Code Ann. § 8 (Vernon 2003).


 In the present case, if the probate court of Hidalgo County was not a statutory
probate court, then, according to legislative mandate, Reliant would be entitled to
have this wrongful death suit transferred to Harris County because Reliant's principal
place of business is in Harris County, and Reliant timely asserted its claim of right to
be sued in Harris County. See Tex. Civ. Prac. & Rem. Code Ann. §§ 15.002 (a),
15.007 (Vernon 2002). However, the probate court of Hidalgo County is a statutory
probate court, and therefore, according to legislative mandate, even though the two
courts have concurrent jurisdiction, this wrongful death action "shall be brought" in
the Hidalgo County statutory probate court "rather than" the Harris County district
court. See Tex. Prob. Code Ann. §§ 5A(b), 5B. Again, I emphasize that sections
5A(b) and 5B of the Probate Code, dealing with statutory probate courts, are
jurisdictional statutes, not venue provisions. See In re Houston Northwest Partners,
Ltd., 98 S.W.3d at 780; In re J7S, 979 S.W.2d at 378; Greathouse, 982 S.W.2d at
171; In re Ford, 965 S.W.2d at 575; Lanier, 931 S.W.2d at 3; Henry, 842 S.W.2d at
327; Bishop, 685 S.W.2d at 735-37. This conclusion is bolstered by the recent Texas
Supreme Court decision in In re SWEPI, L.P., where the court treated section 5B as
a "jurisdiction" statute, not as a venue provision. 85 S.W.3d 800, 801, 809 (Tex.
2002).

Conclusion

 The trial court properly applied the law to the established facts of this case
when it originally denied the application for an anti-suit injunction. When we
reversed the trial court's order and issued our September 6, 2002 opinion, the trial
court on remand granted Reliant's application for a temporary anti-suit injunction in
compliance with our directive. I, the author of the September 6, 2002 opinion, am
now convinced that the trial court was right from the beginning, and we were
wrong. (10)

 Accordingly, we should grant Gonzalez's motion for rehearing in cause number
01-02-00679-CV and affirm the order denying the application for a temporary anti-suit injunction. Correspondingly, in cause number 01-02-01054-CV, we should 
reverse the order granting Reliant's application for a temporary anti-suit injunction,
dissolve the temporary injunction, and remand this cause for further proceedings.


 

 


 Margaret Garner Mirabal (11)

 Justice


Panel consisted of Justices Mirabal, Taft, and Smith (12) on original submission of cause
number 01-02-00679-CV.


En banc consideration was requested. Tex. R. App. P. 41.2(c).


A majority of the Court voted to grant en banc consideration.


The en banc Court, on original submission of cause number 01-02-00679-CV,
consisted of Justices Mirabal, Taft, Nuchia, Jennings, Radack, Keyes, Alcala, and
Smith.


Justice Mirabal, wrote for the majority of the en banc Court on original submission
of cause number 01-02-00679-CV, joined by Justices Nuchia, Jennings, Radack,
Keyes, and Alcala.


Justice Smith, joined by Justice Taft, dissented on original submission of cause
number 01-02-00679-CV.


Chief Justice Schneider (13) and Justice Hedges, did not participate on original
submission of cause number 01-02-00679-CV.


Motion for rehearing was filed in cause number 01-02-00679-CV.


The en banc Court on rehearing of cause number 01-02-00679-CV and on original
submission of cause number 01-02-01054-CV consists of Chief Justice Radack and
Justices Hedges, Taft, Nuchia, Jennings, Keyes, Alcala, Mirabal, and Smith.


Justice Jennings, writing for a majority of the en banc Court on rehearing of cause
number 01-02-00679-CV and on original submission of cause number 01-02-01054-CV, joined by Chief Justice Radack and Justices Hedges, Nuchia, and Alcala.


Justice Keyes, concurring on rehearing of cause number 01-02-00679-CV and on
original submission of cause number 01-02-01054-CV.


Justice Mirabal, dissenting on rehearing of cause number 01-02-00679-CV and on
original submission of cause number 01-02-01054-CV, joined by Justices Taft and
Smith.


Justice Smith, dissenting on rehearing of cause number 01-02-00679-CV and on
original submission of cause number 01-02-01054-CV, joined by Justice Taft.


Justices Hanks and Higley, not participating on rehearing of cause number 01-02-00679-CV and on original submission of cause number 01-02-01054-CV.

1. I humbly acknowledge that I, too, was guilty of this same mistake when I
authored the original en banc opinion in cause number 01-02-00679-CV,
issued on September 6, 2002. However, as a result of the briefing on
rehearing, I have come to see the error of my ways.
2. Reliant sought mandamus relief from the Corpus Christi Court of Appeals, and
the petition was denied without opinion. In re Reliant Energy, Inc., No. 13-02-00073-CV (Tex. App.--Corpus Christi, February 1, 2002, orig. proceeding). 
We note that, as a general rule, non-mandatory venue determinations are not
reviewable by mandamus. In re Missouri Pac. R.R. Co., 998 S.W.2d 212, 215-16 (Tex. 1999). 
3. The TRO ordered Gonzalez not to set a hearing on her motion to transfer and
consolidate until after the June 3 hearing; it also commanded Gonzalez to
contact the Hidalgo County probate court and have the May 30 hearing
rescheduled to a later date.
4. Reliant sought review of this order by petition for writ of mandamus filed in
the Corpus Christi Court of Appeals. That petition was also denied without
opinion. In re Reliant Energy, Inc., No. 13-02-00409-CV (Tex. App.--Corpus
Christi, July 23, 2002, orig. proceeding).
5. Tex. Gov't Code Ann. § 25.1101 (Vernon Supp. 2003). 
6. The phrases "appertaining to estates" and "incident to an estate" include all
claims by or against an estate, including wrongful death and survival actions. 
See Palmer v. Coble Wall Trust Co., Inc., 851 S.W.2d 178, 182 (Tex. 1992).
7. The legislature amended section 5B in 1999 to conform with the jurisdictional
grant in section 5A. Act of May 20, 1999, 76th Leg., R.S., ch. 1431, § 1, sec.
5B, 1999 Tex. Gen. Laws 4876; see also In re Ramsey, 28 S.W.3d 58, 63 (Tex.
App.--Texarkana 2000, orig. proceeding).
8. I acknowledge that in our withdrawn September 6, 2002 en banc opinion I
failed to distinguish between statutory probate courts and county courts and 
district courts having probate jurisdiction, a distinction that makes a
difference. See Palmer, 851 S.W.2d at 180 n.3 (discussing complexities of
Texas probate jurisdiction). In our withdrawn opinion we mistakenly relied
heavily on Tovias v. Wildwood Props. P'ship, L.P., 67 S.W.3d 527, 529 (Tex.
App.--Houston [1st Dist.] 2002, no pet.), which did not involve a statutory
probate court. A county court at law exercising probate jurisdiction is not
a statutory probate court unless the court is designated as a statutory
probate court under Chapter 25 of the Government Code. Tex. Prob. Code
Ann. § 3(ii) (Vernon Supp. 2003). Currently, out of 254 counties in Texas,
only the following 10 large counties have statutory probate courts: Bexar,
Collin, Dallas, Denton, El Paso, Galveston, Harris, Hidalgo, Tarrant, and
Travis. Tex. Gov't Code Ann. §§ 25.071, .0451, .0591, .0631, .731, .861,
.1031, .1101, .2221, .2291 (Vernon Supp. 2003). 
9. It is uncontested that the probate of the estate of Gonzalez's husband was filed
in the proper county, in accordance with the venue provisions in the Probate
Code. Hidalgo county is the county where the deceased resided.
10. Let there be no doubt that motions for rehearing are carefully read and
considered in the First Court of Appeals.
11. The Honorable Margaret Garner Mirabal, former Justice, Court of Appeals,
First District of Texas at Houston, continues to sit by assignment on this case.
12. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.
13. The Honorable Michael H. Schneider, former Chief Justice, Court of Appeals,
First District of Texas at Houston, was appointed Justice of the Texas Supreme
Court on September 1, 2002 and did not participate in this opinion.