

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00318-CV

IN THE MATTER OF THE
GUARDIANSHIP OF LINDA JANE
HART

----------

FROM PROBATE COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 2014-GD00268-1

----------

## OPINION

----------

Appellant Linda Jane Hart attempts to appeal from the order denying her motion to recuse. We dismiss the appeal.

The trial court appointed Hart a temporary guardian and an attorney ad litem on June 19, 2014. After Hart contested the appointment of a temporary guardian, the trial court extended the temporary guardian's appointment until the

contest was decided.[1]  On August 18, 2014, Hart filed a pro se motion to recuse the statutory probate-court judge.  The judge declined to recuse himself and referred the motion to the presiding judge of the statutory probate courts, who forwarded the motion to the presiding judge of the administrative judicial district to assign a judge to hear the motion.  *See* Tex. Gov't Code Ann. § 25.00255(h)-(i) (West Supp. 2014).  The presiding judge of the administrative judicial district held a hearing and denied the motion on September 5, 2014.  *See id.* § 25.00255(i).  A final, appealable order has not been entered in the underlying guardianship case.  On September 26, 2014, Hart filed a notice of appeal, attempting to attack the denial of her motion to recuse.  We notified the parties three times that we did not believe we had jurisdiction over the appeal and warned that we would dismiss the appeal if no party responded showing grounds to continue the appeal.  *See* Tex. R. App. P. 42.3, 44.3.  Hart responded and again argued why the statutory probate-court judge and the presiding judge of the administrative judicial district erred by denying the motion to recuse.

We may immediately consider appeals from interlocutory orders if a statute explicitly provides appellate jurisdiction.  *See De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (op. on reh'g); *In re Estate of Bendtsen*, 229 S.W.3d 845, 847 (Tex. App.—Dallas 2007, no pet.).  It is clear that a party may appeal from an order denying a motion to recuse a judge of a statutory probate court only

---

[1]The temporary-guardian orders are the subject of a separate, pending appeal in cause number 02-14-00260-CV.

2

after final judgment has been entered. *See* Tex. Gov't Code Ann. § 25.00255(j); *see also* Tex. Est. Code Ann. § 32.001(c) (West 2014); Tex. R. Civ. P. 18a(j)(1)(A). Because we have no authority to address the ruling on the motion to recuse before final judgment, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *De Ayala*, 193 S.W.3d at 578–79.

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and SUDDERTH, J.

DELIVERED: March 26, 2015