

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00260-CV

IN THE MATTER OF THE
GUARDIANSHIP OF LINDA JANE
HART

----------

FROM PROBATE COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 2014-GD00268-1

----------

## MEMORANDUM OPINION[1]

----------

Appellant Linda Jane Hart attempts to appeal from the trial court's June 19, 2014 order appointing a temporary guardian. We dismiss the appeal.

On June 16, 2014, Hart filed a "suggestion" with the trial court, indicating she believed the trial court should "investigate [her] need for a guardian" because she was "unable to deal with property issues due to neurological impairment, not

---

[1]*See* Tex. R. App. P. 47.4.

complete incapacity." That same day, the trial court entered an order appointing a guardian ad litem—James Holliday—to investigate whether Hart was incapacitated and whether a guardianship was necessary. *See* Tex. Est. Code Ann. § 1102.001 (West 2014). On June 19, Holliday filed an application requesting that the trial court appoint Hart a temporary guardian. *See id.* § 1251.003 (West 2014). That same day, the trial court appointed John Benoist as Hart's attorney ad litem and Greg Shannon as her temporary guardian. *See id.* §§ 1054.001, 1251.004, 1251.010 (West 2014); *see also id.* § 1251.051 (West 2014) (allowing trial court to appoint temporary guardian "without issuing additional citation" if application for temporary guardianship is contested and court finds guardianship is necessary). On August 15, Hart filed a pro se notice of appeal arguing that the trial court's appointment of Shannon contained "some anomalies."[2]

Although the general rule is that appeals may be taken only from final judgments, probate proceedings are an exception to this rule. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (op. on reh'g). The Texas Estates Code specifically allows a party to "appeal from an order or judgment appointing a guardian." Tex. Est. Code Ann. § 1152.001 (West 2014). The definition of "guardian" includes a temporary guardian appointed for either the estate of an

---

[2]Hart also filed a separate notice of appeal attacking the trial court's denial of her motion to recuse, which we dismissed for want of jurisdiction. *In re Guardianship of Hart*, No. 02-14-00318-CV, 2015 WL 1407381, at *1 (Tex. App.—Fort Worth Mar. 26, 2015, no pet. h.).

incapacitated person or for the incapacitated person. *Id.* § 1002.012 (West 2014). Therefore, the June 16 order appointing Shannon as the temporary guardian ad litem was an appealable, interlocutory order. *See In re Cunningham*, 454 S.W.3d 139, 144 (Tex. App.—Texarkana 2014, orig. proceeding). Although the order was immediately appealable, any appeal was accelerated; thus, Hart was required to file her notice of appeal within twenty days after the order was signed on June 19, 2014. *See* Tex. R. App. P. 26.1(b), 28.1(a). Because Hart filed her notice of appeal on August 15, 2014—more than twenty days after the trial court signed the order appointing Shannon—we have no jurisdiction over her attempted appeal. *See Guardianship of Hester*, No. 14-15-00001-CV, 2015 WL 732658, at *1–2 (Tex. App.—Houston [14th Dist.] Feb. 19, 2015, no pet. h.) (mem. op.).

We dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and SUDDERTH, J.

DELIVERED: May 7, 2015

3