**Dismissed; Opinion Filed February 15, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00683-CV

## THE MANAGEMENT TRUST OF CLARENCE LAMAR NORSWORTHY, AN INCAPACITATED PERSON

**On Appeal from the Probate Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. PR-16-1331-2**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Justice Stoddart

This appeal from five probate court rulings was filed by Clarence Lamar Norsworthy's wife, Jeanette, individually and as guardian of Norsworthy's person. The rulings appealed are: (1) the April 12, 2016 order requiring prior court approval for disbursements greater than $2500, (2) the May 4, 2016 oral denial of motions to stay or vacate the disbursement approval order, (3) the May 4, 2016 interim order establishing a budget from May 1, 2016 through September 30, 2016, (4) the May 4, 2016 oral denial of motion to compel ex-parte communications, and (5) the May 20, 2016 order denying motion for recusal. These rulings followed the probate court's review of the trustee's 2008 through 2013 accountings of Norsworthy's management trust and the trustee's petition for approval to enter into an agreement with Norsworthy's wife to make regular distributions to her for certain recurring expenses. At our request, Norsworthy's wife, the trustee, and the guardian ad litem for Norsworthy's grandchildren filed letter briefs

addressing our concern that it appeared we lacked jurisdiction over the appeal because no final judgment has been signed and none of the challenged orders appeared appealable.

Three general principles are at issue here. First, although appeals may generally be taken only from final judgments, and only one final judgment may be rendered in any cause, multiple judgments on discrete issues may be rendered in probate proceedings before the entire probate proceeding is concluded. TEX. R. CIV. P. 301; *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Specifically, an order in a probate case is deemed an appealable judgment if it is entered in a phase of the probate proceeding that a statute has declared final or in which no issues remain. *See De Ayala*, 193 S.W.3d at 578. Second, an order denying a motion to recuse may be reviewed only on appeal from the final judgment. TEX. R. CIV. P. 18a(j)(1)(A). Third, an appellant may file a notice of appeal before the trial court reduces the appealable order to writing and signs it, but the appellate court will not proceed until a written signed order has been filed. *See* TEX. R. APP. P. 26.1, 27; *Fed. Underwriters Exch. v. Bailey*, 175 S.W.2d 618, 621 (Tex. Civ. App.—Dallas 1943, writ ref'd w.o.m.) (judgment becomes appealable when reduced to writing, signed by judge, and entered in minutes of court) (quoting *Loper v. Hosier*, 148 S.W.2d 889, 894 (Tex. Civ. App.—Dallas 1941, writ dism'd judgm't cor.)).

In their briefs, Norsworthy's wife and the trustee address only the April 12th disbursement approval order and May 4th interim budget order, asserting both are appealable. In arguing the two orders are appealable, they do not contend a statute controls. Rather, they each characterize the orders as independent "phases" of the proceedings. Specifically, with regard to the disbursement order, Norsworthy's wife and the trustee note the probate court signed the order on its own motion and without a hearing. Because the order was not sought by any party, they reason the trial court presumably resolved all issues as to that phase of the proceeding, and the order is final. The trustee also argues the probate court's refusal to vacate the order is further

–2–

indication of the order's finality. With regard to the interim budget order, Norsworthy's wife and the trustee argue the order determines the amount allowed for certain expenses for a set period of time, and nothing indicates the court will revisit the amount set. Additionally, the trustee argues it "makes no sense" to revisit the set amount after the timeframe the order encompasses has passed. The grandchildren's ad litem responds these two orders are not appealable because they "set the stage" for further proceedings. He notes that since the interim budget order was signed, the parties have continued to file pleadings and motions, and the court has held several hearings, signed an additional order regarding a budget, and set future hearings. As to the May 4th denial of the motions to stay or vacate the disbursement approval order and the May 4th denial of the motion to compel ex-parte communications, the ad litem argues that because they have not been reduced to writing, they are not appealable. As to the order denying recusal, he argues it is not appealable because no final judgment has been entered.

We agree with the ad litem that none of the orders are appealable. Because the ruling on the motions to stay or vacate and motion to compel have not been reduced to writing, we conclude they are not ripe for review. *See* TEX. R. APP. P. 26.1; *Ganesan v. Reeves*, 236 S.W.3d 816, 817 (Tex. App.—Waco 2007, pet. denied) (appellate court not required to hold appeal open until appealable judgment or order is signed). As to the disbursement and interim budget orders, we conclude Norsworthy's wife and the trustee's view of those orders as independent "phases" is too narrow. From the record before us, the overall issue appears to be the management of the trust, and while those orders stem from that issue, they do not finally decide the issue. *See De Ayala*, 193 S.W.3d 578. Finally, as to the order denying the recusal motion, because none of the other challenged orders are appealable, it also is not appealable. *See* TEX. R. CIV. P. 18a(j)(1)(A); *In re Guardianship of Hart*, 460 S.W.3d 742, 743 (Tex. App.—Fort Worth 2015,

no pet.) (per curiam) (order denying recusal motion not appealable because no final order entered in guardianship case).

Because none of the challenged orders are appealable, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Craig Stoddart/  
CRAIG STODDART  
JUSTICE

160683F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE MANAGEMENT TRUST OF
CLARENCE LAMAR NORSORTHY, AN
INCAPACITATED PERSON,
No. 05-16-00683-CV

On Appeal from the Probate Court No. 2,
Dallas County, Texas
Trial Court Cause No. PR-16-1331-2.
Opinion delivered by Justice Stoddart. Chief
Justice Wright and Justice Lang-Miers
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** appellee Turtle Creek Trust Company, LTA recover its costs, if any, of this appeal from appellant Jeanette Norsworthy.

Judgment entered this 15th day of February, 2017.