

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-18-00244-CV

_____

IN THE GUARDIANSHIP OF MAY K. JONES, INCAPACITATED

On Appeal from the Probate Court
Denton County, Texas
Trial Court No. PR-2014-00591

Before Meier, Gabriel, and Kerr, JJ.
Per Curiam

**MEMORANDUM OPINION**

Appellants Kathy Jones, Judy Jones, and Candice Schwager attempt to appeal four orders: an "Order Granting Second Successor Guardian Ad Litem's Motion for Use of Ourfamilywizard.com, for Medical Examination, and for Permanent Injunction Regarding Communications" (the communications order) and three recusal-related orders.[1]

On August 9, 2018, we notified appellants of our concern that we lack jurisdiction over their appeal of the communications order—because the notice of appeal was not timely filed—and of the recusal-related orders—because the orders are neither final judgments nor appealable interlocutory orders. We explained that the appeal would be dismissed for want of jurisdiction unless appellant or any party desiring to continue the appeal filed a response by August 20, 2018, showing grounds for continuing the appeal. Appellants did not file a response, but appellee Ellen Nadene Smith did, conceding that the communications order was not timely appealed but arguing that the recusal orders finally disposed of all parties or issues in a particular phase of the proceedings—"all of the issues (including the sanctions issue)

---

[1]The recusal-related orders are an "Order Denying Motion to Recuse and/or Disqualify," an "Order Imposing Sanctions Regarding Motion to Recuse and/or Disqualify and Issuing Writ of Injunction Regarding Further Motions to Recuse," and an "Order on Findings of Fact and Conclusions of Law Regarding Motion to Recuse and/or Disqualify."

surrounding the Motion to Recuse filed by Kathy Jones and Judy Jones through their counsel of record Candice Schwager."[2]

We agree with Smith that appellants did not timely appeal the communications order. The order was signed on November 7, 2017, and assuming without deciding that the order was final for purposes of appeal, the notice of appeal was due December 7, 2017, but was not filed until August 6, 2018, approximately eight months later. *See* Tex. R. App. P. 26.1.

But we disagree with Smith that the recusal orders finally disposed of a discrete phase of the underlying guardianship proceedings. *See De Ayala v. Mackie*, 193 S.W.3d 575, 578–79 (Tex. 2006) (op. on reh'g) (explaining that for probate order to be final under exception to "one final judgment" rule, order must dispose of all parties or issues in a particular phase of the proceedings). We have clarified that a recusal order is appealable only after a final judgment has been entered, *see In re Guardianship of Hart*, 460 S.W.3d 742, 743 (Tex. App.—Fort Worth 2015, no pet.) (per curiam) (citing Tex. R. Civ. P. 18a(j)(1)(A)), and there is no indication that the sanctions order, which the trial court entered in connection with the recusal order, ended any particular phase of the guardianship proceedings. *See In re Aguilar*, No. 04-16-00813-CV, 2018 WL

---

[2]Smith also seemed to suggest that appellants had failed to timely appeal the June 29, 2018 recusal orders, but appellants filed their August 7, 2018 notice of appeal within rule 26.3's fifteen-day extension window. *See* Tex. R. App. P. 26.3.

1176914, at *2–3 (Tex. App.—San Antonio Mar. 7, 2018, no pet.) (mem. op.) (dismissing appeal of sanctions order in probate matter).

Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

Per Curiam

Delivered: September 20, 2018