

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00010-CV

———————————————

IN THE ESTATE OF JOHN DAVID HARRIS, DECEASED

On Appeal from Probate Court No. 2
Tarrant County, Texas
Trial Court No. 2011-PR00903-1-2

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Pro se Appellant David Glen Harris attempts to appeal from an order denying his motion to recuse. We dismiss this appeal for want of jurisdiction.

On December 13, 2019, a statutory probate court denied Appellant's motion to recuse. Appellant filed a notice of appeal, and on January 14, 2020, we notified him of our concern that this court lacks jurisdiction over this appeal because the "Order Denying Motion for Recusal" does not appear to be a final judgment or an appealable interlocutory order. We also stated that the appeal would be dismissed unless Appellant or any party desiring to continue the appeal filed with the court, on or before January 24, 2020, a response showing grounds for continuing the appeal. Although Appellant filed a response, he did not demonstrate the existence of a final judgment or an appealable interlocutory order and instead focused on his arguments about why he contends the probate court erred in denying the motion to recuse.

Generally, an appeal may be taken only from a final judgment or order. *Estate of Harris*, No. 02-17-00108-CV, 2017 WL 2590574, at *2 (Tex. App.—Fort Worth June 15, 2017, pet. denied) (per curiam) (mem. op.) (citing *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195, 200 (Tex. 2001)). We may immediately consider appeals from interlocutory orders if a statute explicitly provides appellate jurisdiction. *In re Guardianship of Hart*, 460 S.W.3d 742, 743 (Tex. App.—Fort Worth 2015, no pet.) (per curiam) (citing *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (op. on reh'g)). "It is clear that a party may appeal from an order denying a motion to recuse a judge

2

of a statutory probate court only after final judgment has been entered." *Id.*; *see also* Tex. Est. Code Ann. § 32.001(c); Tex. Gov't Code Ann. § 25.00255(a); Tex. R. Civ. P. 18a(j)(1)(A). Because the order from which Appellant attempts to appeal is an unappealable interlocutory order, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f); *see also Aguilar v. Morales*, No. 04-16-00382-CV, 2017 WL 4158090, at *5 (Tex. App.—San Antonio Sept. 20, 2017, no pet.) (mem. op.); *In re Guardianship of Hart*, 460 S.W.3d at 743.

Per Curiam

Delivered: February 20, 2020