**Sidney LANIER, Acting as Guardian of the Person and Estate of Rowena Maurie Lanier, Appellant,**

v.

**Honorable Robert STEM, Judge, 82nd District Court, Robertson County, Texas, Appellee.**

No. 10–96–082–CV.

Court of Appeals of Texas, Waco.

May 22, 1996.

Pamela Stanton Baron, Richard Thormann, Austin, Frank N. Ikard, Jr., Ikard & Golden, P.C., Austin, for Relator.

James H. McCullough & Molly A. Hedrick, Palmos, Russ, McCullough & Russ, Hearne, for Real Party in Interest.

Robert Stem, Marlin, for Respondent.

Before CUMMINGS and VANCE, JJ., and McDONALD, C.J. (Retired).

## OPINION

VANCE, Justice.

Rowena Maurie Lanier is the ward of Sidney Lanier, Relator, in a guardianship opened in the Probate Court Number One of Travis County in June of 1995. She is also a

beneficiary of a testamentary trust established by the will of Maurie Seale McLeod that was probated in 1984 in Leon County. Bobby Lanier, the real party in interest, is the trustee of that trust, which includes tracts of land in Leon County.

Sidney sued Bobby in July of 1995 in the Probate Court Number One in Travis County, in cause 64,811–A, asserting that Bobby had violated his duties to Rowena under the trust. Bobby filed a motion to transfer the case to Robertson County, where he lives, asserting that venue there is mandatory under section 15.016 of the Civil Practice and Remedies Code and sections 115.001 and 115.002 of the Property Code. Tex.Civ.Prac. & Rem.Code Ann. § 15.016 (Vernon 1986); Tex.Prop.Code Ann. §§ 115.001–.002 (Vernon Supp.1996). Alternatively, he asserted that section 15.001 of the Civil Practice and Remedies Code or sections 5A, 6 and 8 of the Probate Code establish venue in Leon County. Tex.Civ.Prac. & Rem.Code Ann. § 15.001 (Vernon Supp.1996); Tex.Prob.Code Ann. §§ 5A, 6, 8 (Vernon 1980 & Supp.1996). The probate court granted the motion to transfer venue to Robertson County.

After the case was docketed in the Robertson County District Court, Sidney filed a motion in the Travis County Probate Court entitled "Motion to Transfer Jurisdiction and Consolidate," asserting that section 608 of the Probate Code authorized the court to transfer the case back to Travis County. Tex.Prob.Code Ann. § 608 (Vernon Supp. 1996). After a hearing[1] held on February 14, 1996, the probate court ordered:

the transfer of Cause No. 96–01–15,047–CV, styled "In re: Guardianship of the Person and Estate of Rowena Maurie Lanier, An Incapacitated Person", pending in the District Court of Robertson County, Texas, to Travis County Probate Court Number [1], Travis County, Texas. The transferred cause of action shall be designated as Cause No. 64,811–A by the Travis County Probate Clerk.

The Robertson County District Clerk is ORDERED to transfer certified copies of all documents and pleadings filed in Cause No. 96–01–15,047–CV to the Travis County Probate Clerk.

Bobby did not seek relief from either the probate court in Travis County or the Third Court of Appeals. Instead, he filed an "Application for Writ of Prohibition" in the District Court of Robertson County. Sidney opposed the application. After a hearing, Respondent, who is the judge of the district court, found that venue was mandatory in Robertson County and that a writ of prohibition was necessary to protect the court's jurisdiction. He issued an order prohibiting the district clerk from transferring the case back to Travis County. Sidney seeks a writ of mandamus directing Respondent to vacate the order.

■ A writ of mandamus may be issued to correct a "clear abuse of discretion." *Walker v. Packer,* 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Issuance of writs of mandamus is limited to those instances in which no adequate remedy by appeal exists. *Id.* at 840. The determination of whether a court abused its discretion is a question of law. *Jackson v. Van Winkle,* 660 S.W.2d 807, 810 (Tex.1983).

■ Section 608 of the Probate Code provides:

§ 608. **Transfer of Guardianship Proceedings**

A judge of a statutory probate court on the motion of a party to the action or of a person interested in a guardianship, may transfer to the judge's court from a district, county, or statutory court a cause of action appertaining to or incident to a guardianship estate that is pending in the statutory probate court and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to the guardianship estate.

■ Unless a statute is ambiguous, we must follow its clear language and seek the intent of the legislature as found in the plain

---

1. Bobby appeared by counsel. Although he had filed a "special appearance" asserting that he was not a party to any proceeding pending in the probate court, it was neither presented nor ruled on.

and common meaning of the words and terms used. *Monsanto Co. v. Cornerstones Mun. Util.,* 865 S.W.2d 937, 939 (Tex.1993); *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 352 (Tex.1990); *RepublicBank Dallas, N.A. v. Interkal, Inc.,* 691 S.W.2d 605, 607 (Tex.1985). If the statute is clear and unambiguous, extrinsic aids and rules of statutory construction are inappropriate, and the provisions should be given their common everyday meaning. *Cail v. Service Motors, Inc.,* 660 S.W.2d 814, 815 (Tex.1983). We find section 608 to be clear and unambiguous and will apply its plain meaning.

A similar situation was presented in *Henry v. LaGrone,* 842 S.W.2d 324 (Tex.App.—Amarillo 1992, orig. proceeding), where the Amarillo court applied a former version of section 5B of the Probate Code that operated essentially like section 608. The court conditionally issued a writ of mandamus ordering a district judge to withdraw a writ of prohibition that had been issued to block a transfer. In doing so, the court said:

> Section 5B of the probate code is not a venue statute. If the four conditions authorizing the judge of a statutory probate court to transfer a cause of action to his court are met, then the judge has authority to transfer the case notwithstanding mandatory venue provisions and the like. The purpose of Section 5B is to allow a statutory probate court to consolidate all causes of action which are incident to an estate so that the estate can be efficiently administered. Judicial economy is thereby served. [citation omitted] The aims of section 5B would be thwarted if that section did not authorize the statutory probate court to transfer to itself causes of action that were originally filed in proper venues.

*Id.* at 327.[2] We agree with the Amarillo court's view of the statute.

 Review of a trial court's determination of the legal principles controlling its ruling is much less deferential than its determination of factual issues. *Walker,* 827 S.W.2d at 840. A trial court has no "discre-

tion" in determining what the law is or applying the law to the facts. *Id.* Thus, a failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Id.*

We find that Respondent failed to analyze section 608 of the Probate Code correctly. When applied literally, the statute allows the probate court to assume authority over cases pending in other courts, notwithstanding the venue statutes. Thus, we find that Respondent abused his discretion when he issued the writ of prohibition.

Having determined that an abuse of discretion occurred, we conditionally grant the writ of mandamus and order Respondent to vacate the order prohibiting the transfer of the case back to Travis County. The writ will issue only if he refuses to vacate the order in accordance with this opinion.

---

2. Bobby urges the invalidity or impropriety of the Travis County Probate Court's order on several grounds. Believing that the order is subject to review either in an original proceeding filed in

the Third Court of Appeals or on direct appeal at the conclusion of the matter, we decline to review it.