**In re The JOHN G. AND MARIE STELLA KENEDY MEMORIAL FOUNDATION.**

No. 04–98–00728–CV.

Court of Appeals of Texas, San Antonio.

Oct. 28, 1998.

Russell H. McMains, Law Offices of Russell H. McMains, Corpus Christi, Richard Leshin, The Kleberg Law Firm, Corpus Christi, Darrell L. Barger, Barger & Moss, L.L.P., Corpus Christi, for Appellant.

George Leal Willingham, San Antonio, Michael D. Jones, Kilburn, Jones, Gill & Campbell, L.L.P., Houston, Stewart H. Thomas, Blake L. Beckham, Jose M. Portela, Beckham & Thomas, L.L.P., Dallas, Tom C. McCall, McCall & Ritchie, Austin, Gene A. Garcia, Corpus Christi, Dennis Cain, Moen, Cain & O'Brien, Houston, Daniel O. Goforth, B. Katherine Easterby, Goforth, Lewis & Williams, L.L.P., Houston, Felix Salazar, Jr., Eileen Fowler, Houston, Wayne H. Paris, Houston, for Appellee.

Before HARDBERGER, C.J., and STONE and DUNCAN, JJ.

## OPINION

HARDBERGER, Chief Justice.

Relator, The John G. and Marie Stella Kenedy Memorial Foundation ("Kenedy Foundation"), seeks a writ of mandamus to require the respondent, the Honorable Manuel Flores, to vacate his order transferring a suit pending in Kenedy County and consolidating that suit with an heirship proceeding pending in Zapata County. We conditionally grant the writ.

### PROCEDURAL HISTORY

In October of 1995, certain individuals filed an application for declaration of heirship in a county court in Zapata County. The individuals sought to be declared heirs of Jose Manuel Balli Villareal, who died intestate sometime in the 1800s. The case was transferred from the county court to the 49th Judicial District Court of Zapata County. Numerous other individuals claiming to be Balli heirs filed petitions in intervention or additional applications for declaration of heirship. At least three judgments have been issued by the 49th Judicial District Court declaring various individuals to be Balli heirs.

In April of 1997, the Kenedy Foundation filed a declaratory judgment action in Kenedy County, seeking to establish itself as owner of certain real property in Kenedy County, referred to as "La Baretta." Various Balli heirs, who were named as defendants in the Kenedy County suit, filed motions to transfer venue or to abate the Kenedy County proceeding in view of the pending Zapata County litigation. After a hearing held April 28, 1998, Judge Pat McDowell, who was assigned from Dallas to preside over the Kenedy County proceeding, denied the motions.

Before the hearing in the Kenedy County proceeding, three petitions were filed by various heirs in the Zapata County suit seeking an adjudication of the ownership of the same tract of land that was at issue in the Kenedy County proceeding. The Balli heirs also filed a motion in the Zapata County suit to trans-

fer the Kenedy County proceeding to Zapata County and to consolidate it with the Zapata County suit. After a hearing on August 19, 1998, Judge Manuel Flores granted the motion to transfer and consolidate.

## DISCUSSION

■ Where two district courts issue conflicting orders, mandamus relief is appropriate to determine which of the conflicting orders is valid. *Bigham v. Dempster,* 901 S.W.2d 424, 428 (Tex.1995). In this case, not only have two courts issued conflicting orders, but Judge Flores's order purports to divest the Kenedy County court of jurisdiction. Therefore, mandamus relief is appropriate to resolve the conflict in the orders. *Flores v. Peschel,* 927 S.W.2d 209, 212 (Tex. App.—Corpus Christi 1996, orig. proceeding).

■ In the motion to transfer and consolidate, the Balli heirs alleged that the transfer order was proper based on section 5B of the Texas Probate Code. Section 5B provides as follows:

> A judge of a **statutory probate court** on the motion of a party to the action or on the motion of a person interested in the estate, may transfer to his court from a district, county, or statutory court a cause of action appertaining to or incident to an estate pending in the statutory probate court and may consolidate the transferred cause of action with the other proceedings in the **statutory probate court** relating to that estate.

TEX. PROB.CODE ANN. § 5B (Vernon Supp. 1998) (emphasis added). A statutory probate court is defined in section 3(ii) as:

> a statutory court designated as a statutory probate court under Chapter 25, Government Code. A county court at law exercising probate jurisdiction is not a statutory probate court under this Code unless the court is designated a statutory probate court under Chapter 25, Government Code.

TEX. PROB.CODE ANN. § 3(ii) (Vernon Supp. 1998). Zapata County does not have a statutory probate court. *See* TEX. GOV'T CODE

ANN. §§ 25.0031–25.2512 (Vernon 1988 & Supp.1998).

The Balli heirs contend that the 49th Judicial District Court could exercise the authority granted by section 5B, because it was exercising its probate jurisdiction in the pending action. The Balli heirs assert that the legislature must have intended for district courts exercising probate jurisdiction to have the transfer authority contained in section 5B.

■ Unless a statute is ambiguous, we must follow its clear language and seek the intent of the legislature as found in the plain and common meaning of the words and terms used. *Lanier v. Stem,* 931 S.W.2d 1, 2–3 (Tex.App.—Waco 1996, orig. proceeding). If the statute is clear and unambiguous, extrinsic aids and rules of statutory construction are inappropriate, and the provisions should be given their common everyday meaning. *Id.*

In *Lanier v. Stem,* the court found section 608 of the Code to be clear and unambiguous. 931 S.W.2d at 3. Section 608, which applies to transfers in guardianship proceedings, is almost identical to section 5B of the Code as it applies to probate proceedings. *Compare* TEX. PROB.CODE ANN. § 608 (Vernon Supp. 1998) *with* TEX. PROB.CODE ANN. § 5B (Vernon Supp.1998); *see also Greathouse v. McConnell,* No. 01–97–00324–CV, 1998 WL 43741, at *3, —— S.W.2d ——, —— (Tex. App.—Houston [1st Dist.], July 30, 1998, pet. requested). Similar to section 608, section 5B is clear and unambiguous, and we must follow its clear language. Since section 5B only grants transfer authority to statutory probate courts, a district court could only exercise that authority if it qualifies as a statutory probate court.

■ Section 3(ii) imposes a two-part test for determining whether a court should be considered a statutory probate court. *See* Charles B. Gorham, *The Jurisdiction of Statutory Probate Courts,* 59 TEX. B.J. 240, 241 (1996). District courts are disqualified from consideration under the first prong of the test, which requires that a statutory probate court must be a statutory court. *Id.* at 242. Constitutional courts, such as county courts

and district courts, cannot be statutory probate courts. *Id.; see also Henry v. La-Grone,* 842 S.W.2d 324, 326 (Tex.App.—Amarillo 1992, orig. proceeding) (recognizing condition that court exercising transfer authority pursuant to section 5B must be a statutory probate court).

The Balli heirs contend that this interpretation deprives citizens in counties without statutory probate courts of rights and privilege equal to citizens in counties that have statutory probate courts. This contention is one that must be addressed by the legislature, not this court. Article V, section 1 of the Texas Constitution empowers the legislature to establish such other courts as it deems necessary and to establish the jurisdiction and organization of such courts. TEX. CONST. art. V, § 1. In the exercise of this power, the legislature established statutory probate courts and defined the jurisdiction of such courts to include the power to transfer cases in accordance with section 5B.

### CONCLUSION

Given the clear and unambiguous language in section 5B, and the narrow definition of statutory probate court adopted by the legislature, we conclude that Judge Flores was without authority to grant the motion to transfer and consolidate. We therefore conditionally grant the Kenedy Foundation's petition for writ of mandamus. The writ shall issue only upon certification to this court that Judge Flores has failed to vacate his order within twenty days from the date of this opinion.