COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| ANTHONY C. AGUILAR AND MICHAEL A. AGUILAR, | § | No. 08-20-00242-CV |
| | § | |
| Appellants, | | Appeal from the |
| | § | |
| v. | | 384th Judicial District Court |
| | § | |
| MARGARET MORALES, WILLIAM | | of El Paso County, Texas |
| ELTON LEIGHNER, ARTHUR | § | |
| BAYERN, RENE PENA and LILLIAN | | (TC# 2016DCV0462 ) |
| ELLER, | § | |
| | | |
| Appellees. | § | |

## **O P I N I O N**

In the summer of 2012, Ramiro Aguilar, Jr. and his wife, Alvida Mae Aguilar, died within days of each other.[1] The fight over their estate, waged by their children, landed in both Bexar County and El Paso County courts. Ultimately, the question before us is whether the transfer of a case from El Paso County to Bexar County can be challenged before this Court as an appeal of a final judgment, or whether the challenge must be brought to our sister court of appeals in San Antonio. We conclude that despite some administrative missteps by the El Paso District Clerk that resulted in notices being sent out long after the case was transferred, any challenge to the

---

[1] At some points in the pleadings, Ms. Aguilar's first name is spelled "Alvilda" and at others "Alvida."

decision to transfer must proceed from the Bexar County litigation. Thus, we grant the Appellees Motion to Dismiss the appeal for lack jurisdiction.

## I. BACKGROUND

These protracted proceedings began in the summer of 2012 when Ramiro and Alvida died within days of each other.[2] Their son, Appellant Anthony C. Aguilar (Anthony), at first filed a petition to have his sister, Appellee Margaret Morales (Margaret), named as the independent executor of both estates in a Bexar County Probate Court. But shortly after Margaret was appointed, the siblings began having disagreements. Margaret then retained Appellees Arthur Bayern and Elton Leighner to help handle the probate court proceedings.

While the Bexar County Probate Court case was pending, Anthony and his brother, Michael A. Aguilar (collectively, the Aguilars) filed several lawsuits in different El Paso County courts that we explain below.[3]

### A. The 327th District Court Lawsuit

The first lawsuit was filed in 2012 by only Anthony—purporting to be his father's personal representative—in the 327th District Court of El Paso. The suit names only Margaret as a defendant and contended that she mismanaged their father's real property and misappropriated his personal property. The suit also claimed that Margaret had breached her fiduciary duties to Anthony over estate assets. Margaret did not answer and a default was entered against her. In the CliffsNotes version of what occurred next, the judge of the Bexar County Probate Court transferred

---

[2] We take many of the background facts from prior opinions issued by the Fourth Court of Appeals about this matter. Additionally, many pleadings from the probate court proceedings that we describe are exhibits to the pleadings filed in our case, and the parties have raised no question regarding their authenticity.

[3] Michael A. Aguilar passed away in 2017. Anthony, who is an attorney, is represented by counsel in this appeal, but he is acting as counsel for the "Heirs of Michael A. Aguilar."

the 327th District Court case to his court under section 34.001 of the Texas Estates Code.[4] The probate court then entered orders that: (1) set aside the default judgment that the 327th District Court had entered against Margaret; (2) dismissed the claims that Anthony had filed; and (3) imposed sanctions against Anthony for filing a frivolous lawsuit in the 327th District Court proceeding.

Anthony appealed that order to the Fourth Court of Appeals, arguing—as he does here—that the Bexar County court lacked the authority to transfer the case to its court, as the lawsuit did not fall within the transfer provisions of the Estates Code. *See In re Estate of Aguilar*, No. 04-13-00038-CV, 2014 WL 667516, at *3 (Tex.App.--San Antonio Feb. 19, 2014, pet. denied) (mem. op.). The Fourth Court of Appeals disagreed, finding that the case fell within the provisions of section 34.001 of the Code, which allows the probate court to transfer a case pending in another court if that case either relates to the probate court proceeding or if the personal representative of an estate pending in the probate court is a named party. *Id.* at *3.

And the Fourth Court of Appeals also held the 327th District Court's order granting the default judgment was "void," because the probate court's proper transfer order deprived the district court of jurisdiction. *Id.* at *4. Additionally, the Fourth Court of Appeals remanded the matter to

---

[4] As explained below, section 34.001 allows a probate court to reach out and transfer to itself qualifying lawsuits pending in another court:

> A judge of a statutory probate court, on the motion of a party to the action or on the motion of a person interested in an estate, may transfer to the judge's court from a district, county, or statutory court a cause of action related to a probate proceeding pending in the statutory probate court or a cause of action in which a personal representative of an estate pending in the statutory probate court is a party and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate.

TEX.EST.CODE ANN. § 34.001(a).

3

the probate court for further proceedings over the sanctions order, as the probate court judge had failed to hold an evidentiary hearing prior to imposing the sanctions.[5] *Id.* at *8-9.

### B. The County Court at Law No. 6 Lawsuit

In December 2012, the Aguilars filed a second lawsuit in El Paso, this time in the County Court at Law No. 6, making similar allegations against Margaret for breach of fiduciary duties. The suit also claimed "wrongful death" alleging that Margaret, her husband, and adult children were responsible for their mother's death. Margaret again filed a motion with the Bexar County Probate Court requesting that it transfer that case to its court, and further asked the probate court to sanction the Aguilars for filing a frivolous lawsuit. But before the probate court had the opportunity to rule on those motions, the Aguilars nonsuited this lawsuit.[6]

### C. The 205th District Court Lawsuit

The Aguilars filed a third lawsuit in El Paso against Margaret and her husband in August 2013, this time in the 205th Judicial District Court in El Paso County. That suit asserted a "wrongful death" claim on behalf their mother, asserting that the death resulted from an "intestinal impaction" that she suffered on her way home from her husband's funeral. On Margaret's motion, that lawsuit was also transferred to the Bexar County Probate Court. The probate court dismissed

---

[5] Following an evidentiary hearing, the probate court later issued a sanctions order against the Aguilars, which the San Antonio Court of Appeals upheld. *Estate of Aguilar*, 492 S.W.3d 807, 819 (Tex.App.--San Antonio 2016, pet. denied).

[6] The ability of the probate court to still issue sanctions, however, was raised in the same appeal that addressed the transfer of the 327th District Court suit. Even as to the dismissed County Court at Law No. 6 case, the San Antonio Court of Appeals held that the probate court still retained the authority to transfer the case and to award sanctions against the Aguilars despite the nonsuit. The court reasoned that Margaret's sanctions motion was filed before the nonsuit and remained pending at that time. *In re Estate of Aguilar*, No. 04-13-00038-CV, 2014 WL 667516, at *6 (Tex.App.--San Antonio Feb. 19, 2014, pet. denied) (mem. op.) (recognizing that a nonsuit does not affect a pending claim for sanctions). In determining that the transfer was proper under the Estates Code, the court observed that the Aguilars' claims in the El Paso proceeding related to matters pending in the probate court, and that Anthony had sued in his alleged capacity as the personal representative of his parents' estates. *Id*. at *5, *citing* TEX.EST.CODE ANN. §§ 32.001(a); 31.001(a)(3). The court further upheld the sanctions order, finding that the Aguilars had presented no authority that would merit its reversal. *Id*. at *8.

4

the wrongful death claims under Rule 91a of the Texas Rules of Civil Procedure (as lacking any basis in the law or fact). From an appeal of that ruling, the San Antonio Court of Appeals held that the transfer was improper. In reaching this conclusion, the court found that the wrongful death claim—standing alone—did not relate to the probate court proceedings and was brought against Margaret in her individual capacity rather than in her capacity as the independent executrix of the parents' estates. *In re Estate of Aguilar*, No. 04-13-00815-CV, 2014 WL 4438085, at *2-3 (Tex.App.--San Antonio Sept. 10, 2014, no pet.) (mem. op.). The court therefore vacated the probate court's dismissal order and transferred the case back to El Paso. *Id.* at *3.

Upon its return, the 205th District Court also dismissed the lawsuit under Rule 91a, as having no basis in law or fact. This Court affirmed the dismissal of that lawsuit, finding that the Aguilars' petition did not establish that the Morales's owed any legal duty to the mother that could sustain a wrongful death claim. *See Aguilar v. Morales*, 545 S.W.3d 670, 680-82 (Tex.App.-- El Paso, 2017, pet. denied).

### D. The 384th District Court Lawsuit

In February 2016, the Aguilars filed their fourth and final lawsuit in El Paso County—the subject of the current appeal. The suit, filed in the 384th District Court, named (1) Margaret; (2) her attorneys, Appellees Leighner and Bayern; (3) an accountant hired by Margaret to prepare tax returns for the estates, Appellee Rene Pena; and (4) Margaret's friend, Appellee Lillian Eller, who allegedly knew of the matters addressed in the lawsuit.

In the lawsuit, the Aguilars again alleged that Margaret had made misrepresentations before opening the estates and that she had breached her fiduciary duties to them in handling the estate proceedings. The suit also alleged that Margaret had engaged in a conspiracy with the other Appellees to hide information from the Aguilars and to defraud them of estate assets. Finally, the

5

Aguilars also alleged that Bexar County Probate Court Judge Tom Rickhoff, who was presiding over the estate proceedings, was part of the conspiracy, but they did not name him as a party to the lawsuit.

Margaret responded by filing a Rule 91a motion to dismiss, arguing that the Aguilars' lawsuit had no basis in law or fact. She also moved to transfer venue to Bexar County. Both of the attorney defendants filed special appearances, pleas to the jurisdiction, motions to transfer venue, and a joint 91a motion to dismiss.

While the 384th District Court suit was pending, the Aguilars counterclaimed against Margaret in the Bexar County Probate Court and filed third-party claims against her attorneys. The counterclaim and third-party claims made similar allegations to the latest El Paso suit: (1) Margaret had pilfered funds from their parents' estates (before and after their death); and (2) she and the attorneys had concealed information, misappropriated funds, and unjustly enriched themselves during the probate court proceedings. The Aguilars sought over a million dollars in damages from Margaret, as well as a constructive trust on the amount of attorney's fees paid to the attorneys during the probate court proceedings.

In March 2016, Margaret asked the Bexar County Probate Court to transfer the 384th District Court case to the probate court, given the related nature of the claims in the two proceedings. The probate court granted the transfer motion and issued an order memorializing the transfer on June 7, 2016. Margaret's attorneys sent a letter to the Judge of the 384th District Court that same day, attaching a copy of the transfer order.

The 384th District Court, however, already had a hearing set for the next day (June 8, 2016) on the Appellees' Leighner and Bayern's motions to dismiss. They did not appear at the hearing; only the Aguilars and Margaret's counsel appeared. At the hearing, the Aguilars acknowledged

6

that the probate court had issued the transfer order, and the district court acknowledged that it had received the order. However, Anthony argued that the transfer order to the probate court was "void" as the probate court lacked jurisdiction to transfer the case. He argued that the estate proceedings were already "closed" when the transfer order was issued, and that the lawsuit was in any event unrelated to the probate court proceedings.[7] Anthony further argued that the district court could rule on (and deny) the motions to dismiss as they were filed before the issuance of the transfer order. And once dismissed, Anthony asked for an award of attorney's fees, as contemplated by Rule 91a.

The court orally announced that it was denying the Appellees Leighner and Bayern's motions to dismiss the Aguilars' lawsuit, without prejudice, and stated that it would take the matter of attorney's fees under advisement. No written order appears in our record.

### E. Continuation of the Probate Court Proceedings

The next day the Bexar County probate court entered an order setting aside the 384th District Court's oral denial of Appellees Leighner and Bayern's motions to dismiss. *See Estate of Aguilar*, No. 04-16-00381-CV, 2017 WL 4158092, at *1 (Tex.App.--San Antonio Sept. 20, 2017, no pet.) (mem. op.). After consolidating the proceedings from the 384th court with the proceedings pending in its court, the probate court issued a series of orders dismissing the claims against all the Appellees. In particular, from June 2016 to October 2019, the Bexar County Probate Court issued four separate orders that: (1) granted attorneys Leighner and Bayern's previously-filed 91a joint motion to dismiss, and awarded attorney's fees to them; (2) granted Margaret's Rule 91a motion

---

[7] Although the probate court had approved Margaret's final accounting by the time the 384th lawsuit was filed, the estates were not closed until August 2020 when all claims were disposed of and a final distribution was made. *See Estate of Aguilar*, No. 04-16-00381-CV, 2017 WL 4158092, at *2 (Tex.App.--San Antonio Sept. 20, 2017, no pet.) (mem. op.) (rejecting the Aguilars' argument that the estates were closed when the probate court approved Margaret's final accounting).

7

to dismiss that she originally filed in the 384th District Court; (3) granted accountant Pena's motion for summary judgment; and (4) severed Eller from the lawsuit, and a subsequently dismissed the claims against Eller for want of prosecution.

Other than the Eller order of dismissal, the Aguilars attempted to appeal from each of the probate court's dismissal orders. But the Fourth Court of Appeals ruled each time that the orders were not final judgments, as they did not dispose of all claims and parties, and were therefore interlocutory.[8] *See Estate of Aguilar*, 2017 WL 4158092, at *6-7 (holding that probate court's order granting the attorneys Leighner and Bayern's Rule 91a was not a final appealable judgment disposing of all claims and parties); *Aguilar v. Morales*, No. 04-16-00382-CV, 2017 WL 4158090, at *5 (Tex.App.--San Antonio Sept. 20, 2017, no pet.) (same); *In re Estate of Aguilar*, No. 04-16-00503-CV, 2018 WL 1176491, at *5 (Tex.App.--San Antonio Mar. 7, 2018, no pet.) (mem. op.) (same for attempted appeal of Margaret's dismissal order); *In re Estate of Aguilar*, No. 04-16-00813-CV, 2018 WL 1176914, at *3 (Tex.App.--San Antonio Mar. 7, 2018, no pet.) (mem. op.) (same for attempted appeal of Pena dismissal order).

In each of these appeals to the Fourth Court of Appeals, the Aguilars argued that the Bexar County Probate Court's transfer order was void because the estates were already "closed" by the time of the transfer order. But in each of the opinions it issued, the Fourth Court rejected that argument. *See Estate of Aguilar*, 2017 WL 4158092, at *2-3; *Aguilar*, 2017 WL 4158090, at *1-3; *In re Estate of Aguilar*, 2018 WL 1176491, at *4; *In re Estate of Aguilar*, 2018 WL 1176914, at *3. In particular, the court held that although the trial court had issued an order approving the final accounting, this did not close the estates as no final distribution had been made, and the

---

[8] In the several appeals, the Aguilars also sought to challenge the probate court's order that found Anthony to be a vexatious litigant. The Fourth Court of Appeals held that this was also not a final order, and that any such challenge had to be made on appeal from a final judgment entered by the probate court. *See, e.g.*, *Estate of Aguilar*, 2017 WL 4158092, at *5-6.

probate court had yet to dispose of all the pending claims against the parties involved. *See, e.g.*, *Estate of Aguilar*, 2017 WL 4158092, at *2-3.

### F. The 346th Case is Taken Off the Docket

In the meantime, despite being notified of the probate court's June 2016 transfer order, the Aguilars' lawsuit remained on the 384th District Court's docket. During that time, the district court sent the parties several notices of its intent to dismiss the case for lack of prosecution, as well as notices setting status hearings. From our record, Margaret's attorney responded to one of these notices by writing the El Paso District Clerk, reminding her that the case had been transferred to Bexar County. Margaret also filed in July 2019 a "Notice of Transfer" attaching a certified copy of the June 2016 transfer order. In August 2020, Margaret's attorney wrote to the El Paso District Clerk, advising that the Bexar County probate court had closed the estates and had "dismissed all of the plaintiffs' causes of action against all of the defendants, leaving nothing to adjudicate." He therefore requested that the clerk take the matter off the court's docket.

In response, the Aguilars filed what they labeled as an "Answer to Alleged Motion to Dismiss or Transfer Case." The pleading argued that the matter should not be taken off the El Paso court's docket, as the case was never properly transferred to the probate court. The Aguilars first argued that the transfer order was improper under the Estates Code, as their lawsuit was unrelated to the probate court proceedings and was brought against Margaret in her "independent capacity." They reasoned this distinction aligned the case with the earlier ruling in *In re Estate of Aguilar*, 2014 WL 4438085, at *2-3 (holding Aguilars wrongful death case was improperly transferred to the probate court because it was unrelated to the probate court proceedings). The Aguilars also claimed that the transfer was never procedurally accomplished because: (1) the probate court did not hold a hearing before the transfer in accordance with Rule 87.1, and (2) the El Paso clerk did

9

not follow the steps required for a transfer of a case in accordance with Rule 89, such as preparing a certified transcript of all the orders, and sending it with the original papers to Bexar County. The Aguilars also found it significant that the 384th District Court never issued a transfer order. And the Aguilars argued that neither court made the necessary "docket" entries to document the transfer.[9]

In August 2020, the 346th District Court heard Margaret's oral motion to administratively close the El Paso case. At a hearing on the matter, the parties agreed that the Bexar County probate court had ruled on all the Aguilars' claims and had closed the estate. The Appellees therefore argued that the case had been transferred in 2016 and any further proceedings in the El Paso Court would constitute an "impermissible collateral attack" on the probate court's orders. The Aguilars, however, again argued that the probate court did not have jurisdiction to hear any of their claims, due to the allegedly void initial transfer order, and that all the probate court's orders dismissing their claims were therefore void. In response, the Appellees argued that no matter if the probate court's transfer order was void (which they did not concede), the proper forum in which to challenge the validity of that order was to file an appeal to the Fourth Court of Appeals from the probate court's final order.

The 346th District Court thereafter issued an order that stated it considered "this matter sua sponte," and found that the case was properly transferred to the Bexar County probate court "in accordance with Section 34.001 of the Estates Code on June 7, 2016." The court further found that the Appellees had presented sufficient evidence to establish that the Bexar County probate court had adjudicated all the Aguilars' claims against the Appellees, and that any further proceedings in

---

[9] According to the Aguilars, they did not participate in the Bexar County proceedings due to their belief that the proceedings were void. Yet it is clear that they took multiple appeals to the Fourth Court, as set forth above, challenging the various orders issued by the probate court judge.

the 346th would amount to an "impermissible collateral attack on those orders." Finally, the court ordered the El Paso District Clerk to "remove the case from the Court's docket." After their motion for new trial was denied by operation of law, the Aguilars filed a notice of appeal from this order.

Margaret and the other Appellees have moved to dismiss the appeal for lack of jurisdiction, and for the reasons explained below, we grant that request.

## II. THE AGUILARS' ARGUMENTS

On appeal, the Aguilars raise eight issues, all of which revolve around the propriety of the probate court's transfer order. In their first issue, they contend that the probate court lacked the authority to transfer the case under the Estates Code. Under this issue, they urge that the 346th District Court lawsuit was unrelated to the probate court proceedings and was brought against Margaret in her individual capacity, thereby rendering the transfer order void. In the next five issues, the Aguilars contend that the transfer was never truly accomplished because the requirements of Rules 86 to 89 of the Texas Rules of Civil Procedure were not met—which they argue rendered the transfer order and all later orders of the probate court void. And in the last two issues, the Aguilars contend that the Bexar County probate judge was disqualified from hearing the claims, as their petition named the judge as a co-conspirator; and in turn, they argue that their due process rights were violated by allowing the judge to hear their claims.

The Appellees counter in both motions to dismiss and their appellate briefs that this Court lacks jurisdiction to hear the Aguilars' arguments because: (1) the 346th District Court's order directing the court clerk to take the matter off the court's docket was not a final, appealable order; (2) the Bexar County probate court's transfer order was not void and the matter was properly transferred to that court; (3) any attack on the transfer order should have been made by filing an appeal to the Fourth Court of Appeals from the probate court's final judgment; and (4) allowing

11

the Aguilars to relitigate their claims in the 346th District Court would amount to an impermissible collateral attack on the probate court's judgment. For the reasons explained below, we agree with the Appellees that we lack jurisdiction to consider the various challenges that the Aguilars make to the probate court's transfer order.

### III. THE PROPER FORUM IS THE FOURTH COURT OF APPEALS

To begin, the parties quarrel over whether we should consider the 346th District Court's order as a final appealable order. The Appellees contend that it cannot be considered an appealable order, as it did no more than administratively close the Aguilars' lawsuit. The Aguilars, on the other hand, contend that we should treat the order as a final order, contending that the probate court's transfer order was void and that the matter was never properly transferred to the Bexar County probate court. They urge the case was dismissed only when the district court entered the August 2020 dismissal order.

In general, when a probate court reaches out and transfers a matter pending in a district or county court to its court in accordance with the Estates Code, the original court loses jurisdiction to take any further action in the matter. *See In re Estate of Aguilar*, 2014 WL 667516, at *4 (recognizing that the probate court's transfer order deprived the 327th Judicial District Court of jurisdiction over Aguilar's claims against Margaret); *see also In re CC & M Garza Ranches Ltd. P'ship*, 409 S.W.3d 106, 109 (Tex.App.--Houston [1st Dist.] 2013, orig. proceeding) (recognizing that by giving probate courts exclusive jurisdiction to hear all claims related to a guardianship matter, the legislature intended to deprive all other courts of jurisdiction to hear such claims); *King v. Deutsche Bank Nat'l Tr. Co.*, 472 S.W.3d 848, 853-56 (Tex.App.--Houston [1st Dist.] 2015, no pet.) (following its prior precedent and concluding that "the statute confers on statutory probate courts exclusive jurisdiction over causes of action related to a probate proceeding unless

12

section 32.007 provides that the action is subject to concurrent jurisdiction in a district court or with the jurisdiction of any other court").

Still, as the Aguilars point out, the original court is only deprived of jurisdiction if the probate court acted properly in entering its transfer order in the first instance. *In re Estate of Aguilar*, 2014 WL 667516, at \*4 (court first analyzed whether the probate court's order was proper before deciding that the original court lacked jurisdiction to enter any orders). Thus, if the order was void for any reason, the original court may retain jurisdiction to hear the parties' claims. *See, e.g.*, *In re Estate of Aguilar*, 2014 WL 4438085, at \*2-3 (transferring the Aguilars' wrongful death lawsuit back to the El Paso district court after finding that the probate court improperly transferred the case to its court).

We need not, however, decide whether the order from which the Aguilars appeal is a final appealable order, as we find another jurisdictional issue dispositive: whether the Aguilars' challenges to the probate court's transfer order must have been brought in an appeal to the Fourth Court of Appeals from the probate court's final judgment.

**A. The Challenge to the Probate Court's Authority to Enter the Transfer Order**

Section 34.001 of the Texas Estates Code provides that a judge of a probate court has the authority to transfer a lawsuit pending in another court to its court when the lawsuit relates to probate court proceedings pending in its court, or when a personal representative of an estate pending in the probate court is a party to the other lawsuit. TEX.EST.CODE ANN. § 34.001(a). In that case, the probate court "may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to that estate." *Id.* The judge of the probate court—and not the court in which the related matter is pending—is responsible for initiating the transfer. *See, e.g.*, *In re BAC Home Loans Servicing, LP*, No. 05-10-00155-CV, 2010 WL 729495,

13

at \*2-3 (Tex.App.--Dallas Mar. 4, 2010, no pet.) (mem. op.) (recognizing that the virtually identical predecessor statute in the former Texas Probate Code "vests the authority to transfer a case in the judge of the probate court, not the judge of any other court"), *citing In re The John G. & Marie Stella Kenedy Memorial Foundation*, 982 S.W.2d 548, 550 (Tex.App.--San Antonio 1998, orig. proceeding). Nor does the court in which the related matter is pending have any authority to prohibit the transfer. *See Henry v. LaGrone*, 842 S.W.2d 324, 327-28 (Tex.App.--Amarillo 1992, no writ) (holding that district court lacked the authority to grant a party's request for a writ of prohibition to block the probate court's order transferring a related matter to its court where estate proceedings were pending); *see also Lanier v. Stem*, 931 S.W.2d 1, 1-3 (Tex.App.--Waco 1996, no writ) (holding that district court lacked the authority to issue a writ of prohibition to block a probate court's order transferring a guardianship matter to its court under similarly worded statute). In other words, it is the probate court that makes the decision to transfer the proceedings and enters a transfer order under the Estates Code. *Aguilar*, 545 S.W.3d at 678-79 (recognizing that unlike transfers of venue in "ordinary civil cases," in which the transfer is commenced by the court in which a lawsuit was first filed, a transfer under the Estates Code is initiated by the probate court, which essentially reaches out and takes the lawsuit away from that court).

Here, the Aguilars are challenging a transfer order of a Bexar County probate court, contending the probate court lacked any authority to enter the order under the Estates Code, as the lawsuit pending in the El Paso court was unrelated to the probate court proceedings. Yet the Aguilars have failed to explain how this Court has any appellate or original jurisdiction to determine the legality of an order entered by a Bexar County court. The Texas Constitution provides that the state "shall be divided into courts of appeals districts," and that each "Court of

14

Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction." TEX.CONST. art. V, § 6; *see also* TEX.GOV'T CODE ANN. § 22.201(a) ("The state is divided into 14 courts of appeals districts with a court of appeals in each district."). In turn, the Texas Government Code provides that courts in Bexar County are in the Fourth Court of Appeals' district, while courts in El Paso County are in the Eighth Court of Appeals' district. *See* TEX.GOV'T CODE ANN. § 22.201(e), (i). Thus, any challenge to the Bexar County Probate Court's transfer order should have been made in the Fourth Court of Appeals. *See Lanier*, 931 S.W.2d at 3 (Waco Court of Appeals refused to hear challenges to a transfer order entered by a Travis County Probate Court, as any such order was subject to review in an original proceeding filed in the Third Court of Appeals or on direct appeal at the conclusion of the probate matter); *see also Hogan v. G., C. & S. F. Ry. Co.*, 411 S.W.2d 815, 816 (Tex.App.--Beaumont 1966, writ ref'd) (Beaumont Court of Appeals dismissed appeal from judgment entered by a district court in Sabine County, as that judgment was only appealable to the Twelfth Court of Appeals at Tyler).[10]

Nor is it lost on us that the Aguilars filed multiple appeals in the Fourth Court of Appeals in which they challenged the validity of the probate court's transfer orders. *See, e.g.*, *In re Estate of Aguilar*, 2014 WL 667516, at *3-4; *Estate of Aguilar*, 2017 WL 4158092, at *2-4; *Aguilar v. Morales*, 2017 WL 4158090, at *2-3; *In re Estate of Aguilar*, 2018 WL 1176914, at *3. The Aguilars in fact challenged an earlier transfer order in the Fourth Court of Appeals on the very same ground that they urge here, by arguing (although unsuccessfully) that their breach of fiduciary duty lawsuit against Margaret was improperly transferred under the Estates Code as it

---

[10] As an exception to this rule, an appeal may be transferred from one appellate court to another by an order of the Texas Supreme Court, and in accordance with the Texas Government Code. *See* TEX.GOV'T CODE ANN. § 73.001. In that situation, we do review the rulings of trial courts in other appellate districts. But that is not the case here.

was unrelated to the probate court proceedings. *In re Estate of Aguilar*, 2014 WL 667516, at *3. And just as it was up to the Fourth Court of Appeals to rule on the validity of the probate court's earlier transfer order, so too it would be up to that court to rule on the validity of the current transfer order.

**B. The Challenge to the Clerk's Alleged Failure to Properly Effect the Transfer**

The Aguilars next argue that—regardless of whether the Bexar County Probate Court correctly determined that their El Paso lawsuit related to the estate proceedings—their lawsuit was never actually transferred to the probate court. This is so, they claim, because the El Paso District Clerk allegedly failed to follow the proper steps to ensure that the transfer was made. In particular, they argue that the transfer was governed by Rules 86 to 89 of the Texas Rules of Civil Procedure, which require the El Paso clerk to prepare a transcript and send all original papers to the probate court. *See* TEX.R.CIV.P. 89. Once again, the claim that the Bexar County proceedings were void due to the failure to comply with the Rules of Civil Procedure should have been raised in the Fourth Court of Appeals in an appeal from the probate court's final judgment, rather than in this Court— regardless of which court was responsible for the alleged deficiencies.[11]

There is also nothing in the record to reflect that the Aguilars raised this issue when the probate court first entered its transfer order, or that they sought to have the clerk take what they

---

[11] If the Aguilars believed that a transfer never took place, and that the El Paso court still had jurisdiction to hear their lawsuit, they arguably could have brought a petition for a writ of mandamus challenging the probate court's authority to move forward with hearing their claims. *See In re Estate of Aguilar*, 435 S.W.3d 831, 833 (Tex.App.--San Antonio 2014, no pet.) (recognizing that if the probate court's transfer order was made "without statutory authority," and if it therefore "actively interfered" with the transferee court's jurisdiction, the matter could be considered on mandamus); *see also In re SWEPI, L.P.*, 85 S.W.3d 800, 809 (Tex. 2002) (orig. proceeding) (mandamus relief was appropriate where the "probate court not only erroneously concluded that it had jurisdiction, but also actively interfered with the jurisdiction of the Harris County court by taking jurisdiction away from that court through the transfer order"). That said, it does not appear that the Aguilars filed any original proceedings or asked the Fourth Court of Appeals to consider any of their appeals as a petition for writ of mandamus. *See In re Estate of Aguilar*, 435 S.W.3d at 833-34) (court would not treat the Aguilars' appeal as a petition for writ of mandamus where they failed to request that they do so).

16

believe would have been the necessary steps to affect the transfer. Instead, the record reflects that they participated in the Bexar County proceedings for approximately four years without raising the issue in either court. So even if we had the authority to address this issue, we would find the issue waived.[12] *See O'Quinn v. Tate*, 187 S.W.2d 241, 245 (Tex.App. 1945, writ ref'd) (where defendants made no motion to have a "proper transcript" sent from the transferring court to the receiving court as required by the rules in effect at that time, they waived their right to subsequently claim that the receiving court's judgment was invalid due to the alleged defect in the transcript); *Ornelas v. Dodgen Equip. Co.*, 560 S.W.2d 527, 528 (Tex.App.--Waco 1978, no writ) (where record did not reflect that the defendant-appellant objected to the procedures followed by the court in transferring venue, and instead allowed the matter to go forward to final judgment, appellate court would "presume" that the defendant-appellant chose not to contest the procedure that was followed and thereby waived the right to raise the issue on appeal).

## C. The Challenge to the Probate Court Judge's Disqualification

Finally, the Aguilars contend that the probate court's order was "void" because they named the judge of the probate court in their petition as a co-conspirator, who had allegedly participated in the Appellees' scheme to defraud them of estate assets. As such, they contend that the judge was constitutionally disqualified because he allegedly had an interest in the case that would bar him from presiding over it. TEX.CONST. art. V, § 11 ("No judge shall sit in any case wherein the judge may be interested . . ."). This court has recognized that the issue of whether a judge is

---

[12] We assume, without deciding, that Rule 86 to 89 would apply to a probate court initiated transfer.

disqualified may be raised at any time, and any orders issued by the judge are void.[13] *See Esquivel v. El Paso Healthcare Sys., Ltd.*, 225 S.W.3d 83, 87-88 (Tex.App.--El Paso 2005, no pet.).

But once again, we fail to see how this Court has any authority to rule on whether a Bexar County judge was disqualified from hearing a matter in his or her court. *See generally Normal Life, Inc. v. Chesser*, No. 05-98-02132-CV, 1999 WL 596944, at *1-2 (Tex.App.--Dallas Aug. 10, 1999, no pet.) (Dallas Court of Appeals refused party's request to provide "guidance" to a Travis County District Court in a related matter that was pending in that court, as it had "no jurisdiction over a Travis County district court" judge.). And in fact, our record shows that the Aguilars moved to recuse the judge from hearing their claims on this same basis which was denied. The Aguilars thereafter filed at least two other motions to recuse that were also denied.

The Aguilars attempted to appeal from the denials of their recusal motions in the Fourth Court of Appeals, but because those appeals were interlocutory, the Fourth Court of Appeals held that they lacked the authority to review them. *See Estate of Aguilar*, No. 04-16-00381-CV, 2017 WL 4158092, at *5; *Estate of Aguilar*, No. 04-16-00655-CV, 2017 WL 603632, at *1 (Tex.App.--San Antonio Feb. 15, 2017, no pet.) (mem. op.) (per curiam) (dismissing the Aguilars' appeal from an order denying their tertiary motion to recuse for lack of jurisdiction), *citing* TEX.GOV'T CODE ANN. § 25.00256 ("The denial of a tertiary recusal motion is only reviewable on appeal from final judgment."). The Fourth Court of Appeals expressly informed the Aguilars that the denial of a recusal motion is only reviewable on appeal from a final judgment. *Estate of Aguilar*, 2017 WL 4158092, at *5; *citing In re Matter of Guardianship of Hart*, 460 S.W.3d 742,

---

[13] This is not to say, however, that a judge is automatically disqualified merely because a party names them in their lawsuit. Instead, the court considering the issue must first determine whether the allegations against the judge has any merit. *See Cameron v. Greenhill*, 582 S.W.2d 775, 776 (Tex. 1979) (per curiam) (merely naming a judge as a defendant will not automatically result in his or her disqualification); *see also Kennedy v. Staples*, 336 S.W.3d 745, 750-51 (Tex.App.--Texarkana 2011, no pet.) (in determining whether a judge is disqualified from hearing a matter, "the question is not whether a pleading facially seeks damages against a judge, but whether that pleading actually sets out a colorable cause of action for damages against that judge").

743 (Tex.App.--Fort Worth 2015, no pet.). And it also informed the Aguilars that they would have to wait to challenge the denial of the recusal motions until the probate court judge entered a final judgment. *Id.* In other words, the Aguilars were informed that they could appeal the denial of their recusal motion when appealing from the probate court's final judgment. *Id*. So too, the proper place to challenge whether the probate court judge was constitutionally disqualified from hearing their lawsuit would have been in that court, rather than ours.

## IV. CONCLUSION

For the reasons set forth above, we dismiss the Aguilars' appeal for lack of jurisdiction.


JEFF ALLEY, Justice

October 5, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.